■ In the Matter of DRY HARBOR NURSING HOME AND HEALTH RELATED FACILITY, Appellant, v DAVID AXELROD, as

Commissioner of the Department of Health of the State of New York, et al., Respondents.—Kane, J. P. Appeal from a judgment of the Supreme Court (Travers, J.), entered September 22, 1987 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Health denying certain retroactive adjustments in petitioner's Medicaid reimbursement rates.

Petitioner, a duly licensed skilled nursing facility whose residents include medically indigent elderly citizens, participated in the Medicaid program (42 USC § 1396 *et seq.*). It is respondents' responsibility to compute reimbursement rates for the sums expended by facilities, such as petitioner, for the care of such elderly patients (Public Health Law § 2807 [3]). Subsequent to the Department of Health's (hereinafter DOH) computation of petitioner's Medicaid reimbursement rates for the years 1983 and 1984, petitioner filed two administrative appeals, one for each year, seeking an upward revision of these rates due to certain labor cost increases it had incurred by reason of a new collective bargaining agreement that it had negotiated for these two years. These appeals were decided together by DOH and resulted in a determination by DOH stating that it had made adjustments "to provide [petitioner] with the necessary revenue to cover the contract increases". No further appeal of this determination was sought by petitioner.

Petitioner then filed another separate appeal, this time seeking an increase in its Medicaid reimbursement rates for the years 1982 through 1984 to include pension benefits that it had extended to its nonunion employees commencing in 1982 and extended for each of these years. Prior to 1982, these employees had not received such benefits. It is this appeal that is the subject of the instant dispute between the parties. As requested, petitioner provided DOH with, *inter alia,* information as to the total costs it incurred in funding these pensions for the 1982 to 1984 periods. Thereafter, DOH denied this appeal on the grounds that it had already increased petitioner's rate in the other two appeals and any additional increase would exceed maximum reimbursement levels. As a result of this determination, petitioner filed a second-stage hearing appeal which was denied on the ground that the initial determination was "based on policy and methodology used throughout the industry" and "[t]herefore, no issue of fact is raised warranting a hearing". Petitioner then commenced the

instant CPLR article 78 proceeding challenging the determination. Supreme Court dismissed the petition and the current appeal ensued.

Petitioner claims that DOH denied it reimbursement for the nonunion employee pension benefits based on a DOH policy that should have been published as a rule or regulation in accordance with the requirements of NY Constitution, article IV, § 8 *(see,* Executive Law §§ 101-a, 102; State Administrative Procedure Act § 202). We reject this claim. Unlike the situation in *Matter of Sunrise Manor Nursing Home v Axelrod* (135 AD2d 293), the denial of petitioner's appeal was not based on a fixed, general and rigid policy that failed to consider the particular facts and circumstances of petitioner's case *(see, Matter of Roman Catholic Diocese v New York State Dept. of Health,* 66 NY2d 948). In this case, DOH did consider the nonunion pension costs and based its denial on the fact that inclusion of such costs would increase the reimbursement rate for petitioner above allowable cost ceilings. Thus, DOH's decision was not based, as it was in *Sunrise,* on a fixed, unqualified policy adopted by DOH *(cf., Matter of Fox Mem. Hosp. v Axelrod,* 103 AD2d 509) but, rather, it was based on guidelines established for case-by-case analysis of the facts *(cf., Long Is. Coll. Hosp. v Whalen,* 68 AD2d 274, 276). As Supreme Court noted, the appeal was denied due to DOH's consideration of the additional cost factors involved and not by arbitrarily ignoring such costs. Additionally, while the denial of the second-stage appeal did state that it was based on policy and methodology used throughout the industry, there is no indication that the policy referred to was any other than that of denying appeals that push rates beyond maximum allowable levels. Therefore, Supreme Court's decision should be affirmed.[*]

We have reviewed petitioner's remaining contentions and find them to be without merit. DOH's denial was not arbitrary or capricious and was based on a review of the merits of petitioner's case. Petitioner makes no argument that DOH incorrectly determined that it had reached maximum allowable reimbursement levels.

---

[*] Supreme Court cited *People v Ditniak* (28 NY2d 74) to support its further conclusion that, since 10 NYCRR 86-2.12 (b) makes adjustments to reimbursement rates a matter solely within respondent Commissioner of Health's discretion, the Commissioner is not required to publish policies which form the basis for discretionary determinations. For the reasons set forth in *Matter of Sunrise Manor Nursing Home v Axelrod* (135 AD2d 293) we reject this conclusion.

Judgment affirmed, without costs. Kane, J. P., Weiss, Yesawich, Jr., and Harvey, JJ., concur.