■ In the Matter of LANCASTER DEVELOPMENT, INC., Petitioner, v PHILIP ROSS, as Industrial Commissioner, Respondent. (And Two Other Proceedings.) — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the respondent Industrial Commissioner directing that moneys withheld by the Department of Audit and Control in the name of petitioner be paid to certain operating engineers as supplemental unemployment benefits. Petitioner was awarded a contract by the New York State Department of Transportation for the construction of a portion of Interstate Highway No. 88 in the County of Schenectady. Among the various requirements of article 8 of the New York State Labor Law which apply to such agreements is one that workers, in addition to wages, must be provided with supplements in accordance with the prevailing practice in the locality (Labor Law, § 220, subd 3). These supplements are defined to encompass such items as health, disability and life insurance, holiday pay, and vacation benefits (Labor Law, § 220, subd 5, par b) and a schedule of the prevailing supplements established by the respondent Industrial Commissioner was contained in the bid documents for the contract ultimately awarded to petitioner. Included was the listing of a supplementary unemployment benefit (SUB) for an operating engineer at the rate of 30 cents per hour. As a nonunion or "open shop" contractor, petitioner was a member of an association, the Open Shop Contractors of New York State, which operates an employee welfare and retirement plan in the form of trust accounts for each member at the Oneida National Bank and Trust Company of Central New York. The bank, as trustee, accepts contributions from the employer members and makes payment for health and life insurance, vacation and holiday pay, apprentice training and supplemental unemployment benefits pursuant to the over-all plan and trust agreement. This CPLR article 78 proceeding was instituted in response to certain action taken by the respondent Industrial Commissioner in relation to the discharge of petitioner's obligations under section 220 of the Labor Law. Briefly, without detailing the involved procedural background of this matter, respondent determined that

petitioner had not provided an adequate SUB for operating engineers through its participation in the foregoing plan even though it had made contributions thereto in the amount called for in the bid documents. By stipulation, two other contractor members of the same program agreed to be bound by respondent's decision affecting petitioner and, therefore, their CPLR article 78 proceedings for like relief need not be separately discussed. At a hearing conducted on this matter (see Labor Law, § 220-b), it was developed that petitioner's actual SUB consisted of continued premium payments for life and health insurance during an eligible period of unemployment. The business manager of an International Union of Operating Engineers local in Syracuse, New York, testified that in his experience a SUB, while differing in amount based on hours of work and wages, was always paid directly to an unemployed worker. Moreover, it was established that the funds provided by petitioner, though in the correct sum under the contract, were commingled in the trust account with contributions for other required supplements. The hearing officer concluded that the SUB must be paid in cash and that petitioner was not authorized to provide extended health and life insurance protection as a substitute therefor upon its unilateral decision that such coverage represented a greater benefit for employees. It was his view that section 220 of the Labor Law did not provide the employer with such an option. Respondent adopted the report and recommendation of the hearing officer as his determination. Substantial evidence plainly supports the determination made for there was little dispute concerning the facts, and we are unable to conclude that respondent's interpretation of the statute lacks a reasonable basis (300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176; Matter of Howard v Wyman, 28 NY2d 434). Petitioner's reliance on Matter of Compagni Constr. Co. v Ross (79 AD2d 831) is clearly misplaced, since the issue of formulating prevailing wages and supplements discussed in that decision is not relevant to the narrow question presented in the instant case. Here, the amounts in question were previously determined by respondent. The only dispute was whether petitioner's procedures furnished the benefits in compliance with the statutory mandate. Respondent found they did not, and we agree with his determination. Determination confirmed, and petition dismissed, without costs. Mahoney, P.J., Kane, Casey, Weiss and Herlihy, JJ., concur.