■ VINCENT A. MESCIA, Respondent, v CITY OF NEW YORK, Appellant. — Order entered December 14, 1983 in Supreme Court, New York County (Shirley Fingerhood, J.), confirming so much of a referee's report as established the appropriate wage levels over several periods and calculated the amount due plaintiff to be $13,533.72, plus interest, is modified, on the law and the facts, to reduce the award by so much as constitutes an increase in payment for "supplements" (fringe benefits), the matter is remanded to Special Term for such an adjustment, and the order is otherwise affirmed, without costs.

Under section 220 of the Labor Law, plaintiff is entitled to receive the prevailing hourly wage rate, i.e., that rate paid to the majority of local private industry laborers performing similar work. As previously found by Special Term and affirmed by this court (91 AD2d 878), the city may not offset plaintiff's reimbursement by the amount of "supplemental" benefits already paid to him, despite the evidence that prevailing union

benefits are significantly lower than those the city voluntarily paid the plaintiff.

However, we see no basis for recomputing past vacation and sick leave payments at the higher hourly rate merely because the city chose to provide these fringe benefits and itself computes them according to a formula employing the hourly rate. In other words, since these are "supplements" provided over and above what is commonly provided by the private sector, the city may pay what it wishes and need not use the rate mandated by section 220 in determining the fringe benefit level. Accordingly, this matter should be remanded to the referee for recalculation of the total underpayments of wages, but only for hours actually worked. Concur — Kupferman, J. P., Sandler, Carro and Alexander, JJ.