■ In the Matter of NELSON'S LAMP LIGHTERS, INC., Petitioner, v LILLIAN ROBERTS, as Commissioner of the New York State Department of Labor, Respondent—Yesawich, Jr., J. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Labor Law § 220) to review a determination of respondent which, *inter alia,* found that petitioner had willfully underpaid employees.

Petitioner is a nonunion electrical contractor with experience performing public works contracts. The contract in question, electrical renovation of an inhabited public housing project, was the first in which petitioner had occasion to classify the work to be performed as something other than electrical work. Based upon the project's specifications and plans and a visit to the site, petitioner's vice-president determined that two electricians, a carpenter and a laborer would be required to complete the endeavor. As a result of a Department of Labor investigation, triggered by a local electricians' union, petitioner was charged with using its carpenter and laborer to perform electrician's work. Petitioner acted promptly and cooperatively to remedy the claimed violation. Following an administrative hearing, respondent found that petitioner willfully failed to pay prevailing wages and supplements to the carpenter and the laborer, employees who were

deemed to have been performing 32.5 hours of electrician's work each 40-hour week, assessed interest at 10% per annum and imposed a civil penalty of $475. Petitioner commenced this CPLR article 78 proceeding, contending that substantial evidence is lacking for respondent's findings that the carpenter and laborer were engaged in electrician's work and that petitioner willfully underpaid these employees.

Whether a particular undertaking constitutes electrician's work is a matter within the expertise of respondent's agency. That the evidence supporting respondent's resolution of this issue came from a biased source, a local representative of an electricians' union, is of no moment given that by statute prevailing wages are defined by reference to collective bargaining agreements struck by labor organizations (Labor Law § 220 [5] [a]).

Petitioner proposes that even if respondent was justified in concluding petitioner should have known that all of its employees engaged in this project should have been compensated as electricians, its failure to comply with Labor Law § 220 was not willful (see, Matter of Hull-Hazard, Inc. v Roberts, 129 AD2d 348, 352). Unfortunately, petitioner's most persuasive evidence in this regard, affidavits from its employees, contract specifications and the fact that the department of jurisdiction required, pursuant to Labor Law § 220 (3-a) (a), to ascertain the classification of workers on the project neglected to do so, was not introduced at the hearing held by respondent. Based on the evidence that respondent did have before it, including petitioner's past public works experience (see generally, Matter of Cam-Ful Indus. v Roberts, 128 AD2d 1006, 1007), respondent could rationally imply willfulness on petitioner's part.

Determination confirmed, and petition dismissed, without costs. Kane, J. P., Casey, Yesawich, Jr., and Levine, JJ., concur.