■ In the Matter of A. L. BLADES & SONS, INC., Petitioner, v LILLIAN ROBERTS, as Commissioner of Labor of the State of New York, Respondent.—Application unanimously denied and petition dismissed without costs. Memorandum: Petitioner, A. L. Blades & Sons, entered into a public works contract with the State of New York and attempted to satisfy its obligations to provide its employees the wage supplements scheduled in the contract (see, Labor Law § 220 [3]) by substituting additional payments into the employees' pension fund for some of the scheduled supplements. The total cost of the supplements provided by petitioner, including the payments into the pension fund, equaled the total cost of the supplements listed in the schedule provided by the Commissioner of Labor, but the Commissioner determined that petitioner had not complied with the requirements of the statute. Seeking to annul that determination, petitioner commenced this CPLR article 78 proceeding before us (see, Labor Law § 220 [8]). We conclude that the Commissioner's determination is correct. Although a public works contractor may satisfy its obligation under Labor Law § 220 (3) by supplying its employees with

"the cash equivalent of the cost of obtaining the prevailing benefits or by providing an equivalent benefits plan, or by a combination of benefits and cash equal to the cost of the prevailing benefits" *(Matter of Action Elec. Contrs. Co. v Goldin,* 64 NY2d 213, 218), it may not do so by substituting a different type of benefit for a scheduled benefit *(Matter of Lancaster Dev. v Ross,* 82 AD2d 1013) or, as here, by substituting an increase in one of the scheduled benefits.

Labor Law § 220 (3) provides that contractors engaged in public work shall provide to their employees supplemental benefits "in accordance with the prevailing practices in the locality", and it directs the Commissioner of Labor to "determine the schedules of supplements to be provided." Because, in defining supplements, subdivision (5) (b) refers to "payments", the Court of Appeals in *Matter of Action Elec. Contrs. Co. v Goldin* (64 NY2d 213, *supra)* found that the statute was ambiguous in that it was not clear whether the contractor could satisfy its obligation to provide scheduled benefits by supplying its employees with the cash equivalent of the cost of the benefits. In resolving this ambiguity the court looked to the legislative history of the statute and determined that neither the purpose of the statute nor its express provisions forecloses the employer from providing the supplements in cash.

Although the language is ambiguous in that it permits a construction that supplements may be provided in the form of cash, it is not ambiguous to the extent that it permits a construction that the contractor may substitute one form of supplemental benefit for another. The statute provides that the employer shall provide supplements in accordance with the prevailing practices in the locality and directs the Commissioner of Labor to determine the schedule of supplements to be provided. Nothing in the statutory language suggests that the Legislature intended that the employer could substitute other and different supplements or an increase in one or more of the scheduled benefits for the supplements determined by the Commissioner. On the contrary, the statute indicates that the Legislature intended that the Commissioner of Labor, not the contractor, determine the supplements to be provided and that the employee receive either the listed benefits or equivalent cash (or a combination of both). For these reasons, the Commissioner's interpretation of the statute was neither arbitrary nor capricious and her determination should stand. (Labor Law § 220 [8].) Present—Callahan, J. P., Denman, Boomer, Lawton and Davis, JJ.