■ In the Matter of L & M COMPANY, a Division of NEITO ROOFING CONTRACTORS, INC., Petitioner, v NEW YORK STATE DEPARTMENT OF LABOR et al., Respondents.—Casey, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Labor which, *inter alia,* found that petitioner failed to pay prevailing wage and wage supplements.

Petitioner contends that substantial evidence is lacking to support the administrative findings that employees classified by petitioner as laborers on a public works project were engaged in roofers' work and that petitioner willfully underpaid these employees. Whether a particular undertaking constitutes roofers' work is a matter within respondents' expertise, and the evidence supporting respondents' resolution of this issue may come from a local representative of the roofers' union *(see, Matter of Nelson's Lamp Lighters v Roberts,* 136 AD2d 810, *lv denied* 73 NY2d 702). The local representative testified herein that on projects such as the one undertaken by petitioner, all of the work, from the removal of the old roofing to the final clean-up, would be done by roofers with no need for any laborers. He testified that this practice did not give rise to any jurisdictional disputes between the roofers' union and the laborers' union. On cross-examination, the local representative conceded that some of the work, such as unloading trucks and stacking material, was similar to the work he had seen laborers perform in connection with jobs not involving roofing. Based upon this concession, and upon the principle that "individuals, although in the same generic employment, may not be in the same 'trade or occupation' " *(Matter of Kelly v Beame,* 15 NY2d 103, 109), petitioner contends that it is irrational to classify all employees at a project as roofers simply because the project involves roofing. Thus, according to petitioner, an employee whose work is limited to such tasks as unloading trucks, stacking material and cleaning up is properly classified as a laborer, not as a roofer. Irrespective of the merits of the legal principle underlying petitioner's argument, the facts of this case do not support petitioner's claim. The

only two employees to testify, who were classified by petitioner as laborers, testified that with the exception of mopping tar, which was done by one employee, all employees at the jobsite performed a variety of tasks without regard to whether they were laborers or roofers. They testified that in addition to unloading material and carrying it up to the roof, they put wood and metal around skylights and laid insulation in hot tar. Since "[t]he pivotal question is the nature of the work actually performed" *(supra,* at 109), we find ample evidence in the record as a whole to support respondents' determination that all employees on the project were roofers.

As to the finding of willfulness, petitioner asserts that since its mistaken classification of some of its employees as laborers was unintentional and not done in bad faith, its violation of Labor Law § 220 was not willful. In addition to the erroneous classification, however, the wages paid to petitioner's roofers were below the prevailing wage rate for roofers and the wages paid to its laborers were below the prevailing wage rate for laborers. There was ample evidence that petitioner knew or should have known of the prevailing wage rate requirement *(see, Matter of Cam-Ful Indus. v Roberts,* 128 AD2d 1006). Nor do we find any basis in the record for disturbing respondents' imposition of the maximum penalty *(see, Matter of Hull-Hazard, Inc. v Roberts,* 136 AD2d 872, 874, *mod on other grounds* 74 NY2d 710).

Determination confirmed, and petition dismissed, without costs. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.