◼ In the Matter of GEORGAKIS PAINTERS CORPORATION, Petitioner, v THOMAS F. HARTNETT, as Commissioner of Labor,

Respondent.—Yesawich, Jr., J. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Labor Law §§ 220 and 220-b) to review a determination of respondent which found that petitioner had underpaid some of its employees.

Petitioner signed a contract with the Department of Transportation (hereinafter DOT) to paint several bridges located on Interstate Route 787 in Albany County. The contract included a prevailing wage rate schedule for the project and advised that only those employees registered with the Department of Labor (hereinafter DOL) could be paid apprentice wages. After receiving a complaint that petitioner was paying nonregistered employees these lower apprentice wages, DOL commenced an investigation. A DOL investigator visited the worksite, confirmed that petitioner had improperly classified employees as apprentices and misclassified certain employees as laborers instead of painters, and discovered several discrepancies in petitioner's payroll records.

An administrative hearing was held at which petitioner conceded that it had improperly classified five workers as apprentices. The Hearing Officer further determined that petitioner had willfully violated the prevailing wage law by underpaying other employees; accordingly, he assessed a 25% penalty. Respondent confirmed the Hearing Officer's determination and ordered petitioner to pay back wages and supplements to 44 employees together with interest and penalties. Petitioner, claiming that respondent's findings were not supported by substantial evidence, commenced this CPLR article 78 proceeding to annul the determination.

Public works employers are obligated to pay both prevailing wages and supplements (see, Labor Law § 220 [3]). Petitioner admittedly and unlawfully paid its employees $3.24 per hour as supplemental benefits—the prevailing wage schedule required only $2.08—which payment form allowed the employees to receive untaxed remuneration. Although respondent found that these payments were made "to cover additional hours worked at the rate of $20.00 per hour", petitioner received no credit for supplemental benefit payments in excess of $2.08. Petitioner urges that the excess payments were actually wages and therefore the full amount of the benefits it paid to its employees should have been credited. Respondent quite rightly notes that the record discloses inconsistencies in the testimony offered on behalf of petitioner regarding the true nature of these payments and that the Hearing Officer resolved this credibility issue against petitioner. Aside from

this credibility issue, the law is quite clear that a public works contractor, like petitioner, may not use excess supplemental payments paid by it in order to offset its obligation to pay the appropriate prevailing wage (see, Mescia v City of New York, 107 AD2d 586, 586-587; cf., Matter of Blades & Sons v Roberts, 136 AD2d 926, 927, lv denied 72 NY2d 803). Accordingly, disallowing these additional benefits toward the computation of the amount of the underpayment was proper (see, Matter of Mid Hudson Pam Corp. v Hartnett, 156 AD2d 818, 819).

Moreover, there is no merit in petitioner's suggestion that DOL's method of computing the amount of unpaid wages and supplements was arbitrary and speculative. DOT's inspector testified that he kept daily records of the number of men working and their hours. The DOL investigator consistently credited whichever report, petitioner's or DOT's, indicated a greater number of working hours and/or employees, then calculated the amount petitioner underpaid its employees. As petitioner's own records were incomplete and inaccurate, DOL was fully justified in using a rational alternative method to determine the hours petitioner's employees worked (see, Matter of Mid Hudson Pam Corp. v Hartnett, supra, at 821; Matter of D.D.G. Gen. Contr. Corp. v Hartnett, 149 AD2d 819, 820). Petitioner has failed to carry its burden of negating the reasonableness of this alternative method (see, Matter of Mid Hudson Pam Corp. v Hartnett, supra).

While not critical of respondent's conclusion that it misclassified the five nonapprentice employees, petitioner assails the finding that the company's several ground men, whom petitioner paid laborers' wages, were actually painters. Worker classification is a function within DOL's particular expertise (Matter of L & M Co. v New York State Dept. of Labor, 161 AD2d 919; cf., Labor Law § 220 [3-a] [a]). At the hearing there was testimony from a local union representative that in the Albany area these workers were considered painters. The Hearing Officer could properly credit this designation (see, Matter of L & M Co. v New York State Dept. of Labor, supra). As this classification is supported by substantial evidence in the record it is not to be disturbed (see, Matter of Hull-Hazard, Inc. v Roberts, 129 AD2d 348, 352, affd 72 NY2d 900).

We find no fault with respondent's imposition of a penalty. Although the violation was neither intentional nor deliberate, the evidence established at a minimum that petitioner knew or should have known that it breached the Labor Law (see, Matter of Cam-Ful Indus. v Roberts, 128 AD2d 1006). Petitioner's president acknowledged that the company had prepared

bids for other public works projects, had completed other such projects, and had received the prevailing wage schedule for the project in issue. More illuminating is the fact that petitioner purposely attempted to circumvent the tax law by paying its employees "off the books". Petitioner's cooperation in the investigation and immediate reclassification of the five apprentices notwithstanding *(see, supra,* at 1007), the record supports a finding that petitioner did something more than accidentally underpay its employees. Moreover, given the fairly large size of petitioner's company, and the breadth of the record-keeping violations *(see,* Labor Law § 220-b [2] [d]), the maximum 25% penalty is not unreasonable.

Lastly, we note that DOL may have violated its own regulation in that almost two years elapsed from the time the investigation was completed to commencement of the hearing. As the record fails to disclose the cause of what appears to be an inordinate delay—in prevailing wage cases, whenever possible, hearings are to be commenced within 120 days after the investigation has been completed *(see,* 12 NYCRR 701.4 [b]; *see also,* Labor Law § 220-b [2] [c])—this matter should be remitted for the purpose of determining whether this time should be attributed to petitioner for the purpose of computing the amount of interest *(see,* Labor Law § 220-b [2] [c]).

Determination modified, without costs, by annulling so much thereof as directed petitioner to pay interest from the date of the underpayments to the date of payment; matter remitted to respondent for the purpose of determining whether petitioner need pay interest on the underpayments for the entire period of time, or some lesser period, between the completion of the investigation and the hearing; and, as so modified, confirmed. Mahoney, P. J., Casey, Weiss, Mikoll and Yesawich, Jr., JJ., concur.