866 F.Supp. 1244 (1993)
MINNESOTA CHAPTER OF ASSOCIATED BUILDERS AND CONTRACTORS, INC., a Minnesota corporation, et al., Plaintiffs,
v.
MINNESOTA DEPARTMENT OF LABOR AND INDUSTRY, et al., Defendants.
Civ. No. 4-92-564.
United States District Court, D. Minnesota, Fourth Division.
April 27, 1993.
*1245 Gregg John Cavanagh, Leonard Street & Deinard, Douglas Paul Seaton, Elizabeth Marie Richter, Popham Haik Schnobrich & Kaufman, Minneapolis, MN, for plaintiffs.
Jon Kevin Murphy, Scott Ray Strand, Nancy J. Leppink, Gordon Lynn Moore, III, MN Atty. General's Office, St. Paul, MN, for Minnesota Dept. of Labor and Industry.
Jon Kevin Murphy, Scott Ray Strand, Gordon Lynn Moore, III, MN Atty. General's Office, St. Paul, MN, for John Lennes, Minnesota Dept. of Transp., James Denn.
Richard Allen Miller, Daniel J. Froehlich, Gordon Miller & O'Brien, Minneapolis, MN, for Minnesota State Bldg. and Const. Trades Council.

MEMORANDUM OPINION AND ORDER
DIANA E. MURPHY, Chief Judge.
Plaintiffs, Minnesota construction contractors and their representatives, brought this action alleging that the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 et seq., preempts Minnesota's prevailing wage statute and rules. Minn. Stat. §§ 177.41-.44 and Minn. Rules pt. 5200.1000-.1120. The complaint also alleges that the National Labor Relations Act, 29 U.S.C. §§ 151 et seq., preempts the prevailing wage statute, and that the statute violates due process and the contract clauses of the United States and Minnesota constitutions, and violates 42 U.S.C. § 1983. Finally, the complaint alleges that the rules exceed the authority granted by the statute, and that the administration of the statute has failed to meet its requirements. The complaint seeks declaratory and injunctive relief. Plaintiffs now move for summary judgment on the issue of ERISA preemption.
Minnesota Chapter of Associated Builders and Contractors, Inc. (MABC) is a trade association representing approximately two hundred construction contractors. Plaintiffs Winkelman Building Corporation, Javens Mechanical Contracting Co., Willmar Electric Service, Inc. and Duininck Bros., Inc. are all members of MABC. Members of MABC, including the named plaintiffs, frequently bid and work on state funded construction.
The Minnesota Department of Labor and Industry (DOLI) administers the prevailing wage laws with respect to state funded construction contracts. John Lennes is the Commissioner of DOLI. The Department of Transportation (DOT) administers the prevailing wage law with respect to highway construction. James Denn is the Commissioner of DOT.
The prevailing wage statute requires an employer on a state funded project to pay laborers and mechanics "the prevailing wage rate in the same or most similar trade or occupation in the area." Minn.Stat. § 177.43, subd. 1 and 177.44 subd. 1. The "prevailing wage rate" is "the hourly basic rate of pay plus the contribution for health and welfare benefits, vacation benefits, pension benefits, and any other economic benefits paid to the largest number of workers engaged in the same class of labor within the area." Minn. Stat. § 177.42 subd. 6. The "area" includes "the county or other locality from which labor for any project is normally secured." Minn.Stat. § 177.42, subd. 3.
DOLI determines the prevailing wage "on a county by county basis." Minn.Rules pt. 5200.1030. Each year it conducts voluntary surveys concerning construction performed within a county. Minn.Rules pt. 5200.1051, subp. 2c. The survey includes the classification of each employee, the employee's hourly wage and hourly benefits. Minn.Rules pt. 5200.1050, subp. 2. The prevailing wage rate is the total of the hourly wage and the hourly benefits paid to the largest number of workers in the same class within the area. Minn. Stat. § 177.42 subd. 6 and Minn.Rules pt. 5200.1060. An employer can divide the amount between wages and benefits in any fashion it wants, so long as the combined total meets or exceeds the prevailing wage rate.
Employers do not have to pay the prevailing wage rate to apprentices. Minn.Rules pt. 5200.1070. An "apprentice" is "[a] person employed and registered in a bona fide apprenticeship *1246 program registered with the U.S. Department of Labor or with a state apprenticeship agency." Minn.Rules pt. 5200.1070, subp 2. DOLI is a federally approved State Apprentice Council, with the authority to register and approve all local apprenticeship training programs. 29 C.F.R. § 29.12.
Plaintiffs argue that ERISA preempts the prevailing wage statute because the statute explicitly refers to ERISA plans when it defines the prevailing wage rate as including "health and welfare benefits, vacation benefits, pension benefits, and any other economic benefits ..." Minn.Stat. § 177.42 subd. 6. Defendants argue that the statute makes reference only to benefits, but not to any plan. They argue that a state statute is not preempted simply because it refers to benefits.
ERISA preempts "any and all state laws so far as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). ERISA preempts any state law which explicitly refers to a benefit plan regulated by ERISA. Mackey v. Lanier Collections Agency, 486 U.S. 825, 829, 108 S.Ct. 2182, 2185, 100 L.Ed.2d 836 (1988). Congress distinguished between a plan and a benefit. "The words `benefit' and `plan' are used separately throughout ERISA, and nowhere in the statute are they treated as equivalent of one another. Given the basic difference between a `benefit' and a `plan,' Congress' choice of language is significant in its pre-emption of only the latter." Fort Halifax Packing Co., Inc. v. Coyne, 482 U.S. 1, 8, 107 S.Ct. 2211, 2216, 96 L.Ed.2d 1 (1987).
It is undisputed that the prevailing wage law refers to benefits, but not to any benefit plan. It is therefore not expressly preempted.
When a state law does not explicitly refer to a benefit plan, courts look to a number of factor in determining whether the state law "relates to" ERISA plans. Arkansas Blue Cross and Blue Shield v. St. Mary's Hospital, Inc., 947 F.2d 1341, 1344 (8th Cir. 1991). These factors include whether the state law 1) negates an ERISA plan provision, 2) affects relations between ERISA entities, 3) alters the structure of ERISA plans, 4) affects the administration of ERISA plans, 5) has an economic impact on ERISA plans, 6) exercises traditional state power, and 7) may be preempted consistent with other provisions of ERISA. 947 F.2d at 1344-45. No one factor is necessarily determinative, and a court "must still look to the totality of the state statute's impact on the plan ..." 947 F.2d at 1345.
Plaintiffs argue that the prevailing wage statute subjects it to several different rates, which varies from other states and from locality to locality. They further argue that the prevailing wage statute affects the level of benefits provided to employees because there are tax advantages to paying benefits rather than wages. Defendants argue that the prevailing wage statute does not compel any change in the level of benefits.
On a motion for summary judgment, all evidence and inferences must be viewed in the light most favorable to the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505, 2513-14, 91 L.Ed.2d 202 (1986); Agristor Leasing v. Farrow, 826 F.2d 732, 734 (8th Cir.1987). The moving party must demonstrate that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986); Fed.R.Civ.P. 56(c). A fact is material if it affects the outcome of the case. Anderson, 477 U.S. at 248, 106 S.Ct. at 2510.
The prevailing wage statute does not require an employer to provide any level of benefits whatever to its employees. Furthermore, benefits that are provided to employees are deducted from the prevailing wage rate. Thus, an employer can comply with the prevailing wage law simply by adjusting the amount of wages it pays. The fact that the statute permits employers and employees to adjust their benefit plans in ways more advantageous to them while still complying with the statute does not mean that the statute affects the level of benefits provided. Any incentive that the tax laws *1247 might give employers to provide benefits rather than wages would exist without regard to the prevailing wage statute and has no bearing on the effect that the prevailing wage statute has on ERISA plans.
Plaintiffs rely on General Elec. Co. v. New York State Dept. of Labor, 891 F.2d 25 (2d Cir.1989), which held that ERISA preempted portions of the New York prevailing wage statute. Under the New York law, the Commissioner of Labor determined the level of benefits to be provided to employees. 891 F.2d at 28 (citing A.L. Blades & Sons, Inc. v. Roberts, 136 A.D.2d 926, 524 N.Y.S.2d 912 (mem.), leave to appeal denied, 72 N.Y.2d 803, 532 N.Y.S.2d 368, 528 N.E.2d 520 (1988)). The New York statute was far less flexible than the Minnesota statute. An employer in New York could only get an offset for benefits it provided by an amount determined for that category of benefit by the Commissioner of Labor, and an employer could not substitute one form of benefits for another. 891 F.2d at 27. The Minnesota statute, by contrast, treats benefits interchangeably, allowing the employer and employees to determine the appropriate combination of benefits and to offset the total benefits provided against the prevailing wage rate. The New York prevailing wage statute had an impact on determining the level of benefits which is absent from the Minnesota statute.
Plaintiffs also argue that the prevailing wage statute imposes administrative burdens on employers by requiring them to calculate the hourly benefits paid to employees and by requiring them to provide certain records upon request of the Commissioner. Employers need to calculate this cost only if they seek to include benefits as a portion of the prevailing rate. The requirement of calculating this rate falls on the employer itself, but does not place any administrative burden on the plan. The requirements of calculating costs and keeping records may somewhat increase the cost of the benefits plans, but this incidental impact on the plans need not lead to preemption. See Rebaldo v. Cuomo, 749 F.2d 133 (2d Cir.1984). "Some state actions may affect employee benefit plans in too tenuous, remote or peripheral a manner to warrant a finding that the law `relates to' the plan." Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 100 n. 21, 103 S.Ct. 2890, 2901 n. 21, 77 L.Ed.2d 490 (1983).
The prevailing wage statute does not negate any plan provision. It does not have an effect on the structure of a plan or the relationship of any primary ERISA entities. Its impact on the administration of plans and on the cost of the plans is too remote "to warrant a finding that the law `relates to' the plan." Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 100 n. 21, 103 S.Ct. 2890, 2901 n. 21, 77 L.Ed.2d 490 (1983). The prevailing wage statute primarily regulates labor on state funded construction projects. This area of regulation falls within the scope of the state's traditional police powers and should not be preempted unless the conclusion is unavoidable. See Firestone Tire & Rubber Co. v. Neusser, 810 F.2d 550, 555 (6th Cir.1987). In light of all of these considerations, ERISA does not preempt the Minnesota prevailing wage statute.
Plaintiffs have an additional basis on which they argue for summary judgment on that portion of the prevailing wage law which exempts apprenticeship programs. Plaintiffs argue that apprenticeship programs are ERISA plans, and that ERISA therefore preempts that portion of the prevailing wage law which refers to apprentice programs. An "apprentice," under Minnesota regulations, is "[a] person employed and registered in a bona fide apprenticeship program registered with the U.S. Department of Labor or with a state apprenticeship agency." Minn. Rules pt. 5200.1070, subp 2. Defendants concede that an apprentice program under the regulations is also an ERISA plan, but respond that the apprentice provisions of the prevailing wage statute are saved by the general savings clause of ERISA, 29 U.S.C. § 1144(d), because preemption would impair the purposes of the Fitzgerald Act. 29 U.S.C. § 50.
The Fitzgerald Act gives the Secretary of Labor the authority "to formulate and promote the furtherance of labor standards necessary to safeguard the welfare of apprentices ..." and directs the Secretary "to cooperate with State agencies engaged in the *1248 formulation and promotion of standards of apprenticeship ..." The purpose of the Fitzgerald Act:
is to set forth labor standards to safeguard the welfare of apprentices ... These labor standards, policies and procedures cover the registration, cancellation and deregistration of apprenticeship programs and of apprenticeship agreements; the recognition of a State agency as the appropriate agency for registering local apprenticeship programs for Federal purposes; and matters relating thereto. 29 C.F.R. § 29.1.
DOLI is certified by the Bureau of Apprenticeship and Training to approve apprenticeship programs for federal purposes. See 29 C.F.R. § 29.1, 29.2(o), 29.3.
ERISA's general savings clause provides that "nothing in this subchapter shall be construed to alter, amend, modify, invalidate, impair, or supersede any law of the United States ..." 29 U.S.C. § 1144(d). "[A]ny state regulation of apprenticeship programs that is separate and apart from the authorization given by the Fitzgerald Act and its accompanying regulations is preempted by ... ERISA." Electrical Joint Apprenticeship Com. v. MacDonald, 949 F.2d 270 (9th Cir.1991), cert. denied, ___ U.S. ___, 112 S.Ct. 2991, 120 L.Ed.2d 869 (1992). (Nevada's prevailing wage statute could not be enforced without including exemption for federally approved apprenticeship program.) In Minnesota, however, any apprentice program that receives federal approval is exempted from the prevailing wage law, Minn.Rules pt. 5200.1070, and Minnesota's regulation does not therefore suffer from the deficiency in MacDonald. Preemption of the portion of the prevailing wage law which applies to apprenticeship programs would impair the cooperative state jurisdiction over apprenticeship programs envisioned by the Fitzgerald Act and its accompanying regulations. Therefore, Minn.Rules pt. 5200.1070 is saved from preemption under 29 U.S.C. § 1144(d), and plaintiffs' motion for summary judgment should be denied in this respect also.

ORDER
Accordingly, based upon the above, and all the files, records, and proceedings herein, IT IS HEREBY ORDERED that plaintiffs' motion for summary judgment is denied.