■ In the Matter of CAM-FUL INDUSTRIES, INC., Petitioner. LILLIAN ROBERTS, as Commissioner of the New York State Department of Labor, Respondent.—Casey, J. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Labor Law §§ 220, 220-b) to review a determination of respondent which, *inter alia,* found that petitioner had willfully underpaid employees.

Petitioner was engaged as a subcontractor to perform certain piping work on a public work project subject to the prevailing wage and supplement requirements of Labor Law § 220. A Department of Labor investigator discovered that two of petitioner's employees who operated equipment for a substantial portion of the work week were being paid as laborers rather than as equipment operators. Upon receipt of the notice of violation, petitioner acted promptly to remedy the violation, including the issuance of checks for the amounts due to the employees, and a notice of compliance was issued. Following an administrative hearing on the matter, the Hearing Officer recommended that petitioner be found to have willfully failed to pay prevailing wages and supplements to the two employees and that interest be assessed at 10% per annum and a civil penalty of $250 be imposed. Respondent adopted the recommendations and this proceeding ensued.

Petitioner contends that there is no evidence of any willfulness on its part. In discussing another section of the Labor Law, we have said that the term willfulness "does not imply a criminal intent to defraud, but rather requires that claimant acted knowingly, intentionally or deliberately" *(Matter of*

*Valvo [Ross],* 83 AD2d 344, 346, *affd* 57 NY2d 116). Under the statute imposing a penalty for the willful failure to collect and pay over withholding taxes (Tax Law § 685 [g]), "[n]o showing of intent to deprive the Government of its money is necessary but only something more than accidental nonpayment is required" *(Matter of Levin v Gallman,* 42 NY2d 32, 34). Here, respondent found that petitioner knew or should have known that two of its employees who were being paid at the laborer rate were operating equipment for a substantial portion of their work week. Respondent concluded that petitioner had, therefore, acted willfully within the meaning of Labor Law § 220. There is substantial evidence in the record to support respondent's factual finding, and there is nothing irrational in respondent's interpretation and application of the statutory term "willfully". Petitioner's good faith in cooperating in the investigation and promptly remedying the violation does not preclude a finding of willfulness where petitioner, an experienced public work contractor, knew or should have known of the violation *(cf., Matter of C.E.L. Lbr. v Roberts,* 109 AD2d 1002). We also find substantial evidence in the record supporting respondent's imposition of interest and a civil penalty *(see,* Labor Law § 220 [8]).

Determination confirmed, and petition dismissed, without costs. Kane, J. P., Casey, Mikoll, Levine and Harvey, JJ., concur.