■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL VEAUDRY, Appellant.—Judgment unanimously affirmed. Memorandum: After executing a waiver of indictment, defendant entered a guilty plea to a superior court information which charged him with attempted criminal possession of a weapon in the third degree. The waiver contained a provision that defendant waived his right to appeal from any judgment of conviction under the superior court information.

Defendant contends that the waiver of his right to appeal is ineffective because it was not knowingly and voluntarily made. We agree. Waiver is the intentional and voluntary relinquishment of a known right and knowledge and intent are essential elements *(People v Cox,* 71 AD2d 798). The record fails to disclose any inquiry by the court from which we could determine that the defendant knowingly waived his right to appeal.

Defendant further contends that he was deprived of the effective assistance of counsel. We conclude, however, that the evidence, the law, and the circumstances of this case, when viewed in their totality at the time of the representation, reveal that defendant's attorney provided meaningful representation *(People v Satterfield,* 66 NY2d 796, 798-799; *People v Lane,* 60 NY2d 748, 750; *People v Baldi,* 54 NY2d 137, 147). (Appeal from judgment of Onondaga County Court, Burke, J. —attempted criminal possession of weapon, third degree.) Present—Dillon, P. J., Denman, Green, Balio and Davis, JJ.

■ GROSS PLUMBING AND HEATING COMPANY, INC., Petitioner, v DEPARTMENT OF LABOR OF STATE OF NEW YORK, et al., Respondents.—Determination unanimously confirmed and petition dismissed without costs. Memorandum: Respondent's determination that petitioner willfully failed to pay an employee prevailing wages and supplements in violation of Labor Law § 220 (3) is supported by substantial evidence. Petitioner knew, or should have known, that the employee was working on a public works water project and was being paid less than the prevailing wage rate. Petitioner's good faith in cooperating in the investigation and promptly remedying the violation does not preclude a finding of willfullness *(see, Matter of Cam-Ful Indus. [Roberts],* 128 AD2d 1006, 1007). (Original proceeding pursuant to Labor Law § 220 [8].) Present—Dillon, P. J., Denman, Green, Balio and Davis, JJ.