■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD LABENSKI, Appellant.—Judgment unanimously affirmed. Memorandum: There is no merit to defendant's challenge to the propriety of trial testimony that the victims had seen defendant at an earlier hearing. Reliance on *People v Annis* (48 AD2d 622) is misplaced because CPL 60.30 has since been amended to eliminate its rationale *(see,* Bellacosa, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 60.30, at 511-512). We have examined the other issues raised by defendant and they also lack merit. (Appeal from judgment of Supreme Court, Onondaga County, Gorman, J.— assault, first degree.) Present—Dillon, P. J., Boomer, Green, Pine and Balio, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TITUS L. JOHNSON, Appellant.—Judgment unanimously affirmed. Memorandum: We find that defendant did not knowingly waive his right to appeal at the time he entered his plea *(see, People v Veaudry,* 133 AD2d 524, *lv denied* 70 NY2d 804; *cf., People v Seaberg,* 74 NY2d 1, 11). Nevertheless, there is no merit to defendant's contentions. The court did not abuse its discretion in denying defendant's motion to withdraw his plea because defendant did not demonstrate his entitlement to such relief. The court also properly denied defendant's motion to suppress the identification testimony because the photo array was not impermissibly suggestive. (Appeal from judgment of Onondaga County Court, Mulroy, J.—rape, first degree.) Present—Dillon, P. J., Boomer, Green, Pine and Balio, JJ.