In the Matter of GENERAL ELECTRIC COMPANY, Appellant, v NEW YORK STATE DEPARTMENT OF LABOR et al., Respondents.

Third Department, February 22, 1990

APPEARANCES OF COUNSEL

*Vedder, Price Kaufman, Kammholz & Day (James S. Frank, Virgil B. Day, Marc S. Wenger* and *Neil A. Capobianco* of counsel), for appellant.

*Robert Abrams, Attorney-General (M. Patricia Smith* and *Jane Lauer Barker* of counsel), for respondents.

## OPINION OF THE COURT

KANE, J.

In February 1989, the New York Power Authority (hereinafter NYPA) requested wage and supplement information from respondent Department of Labor (hereinafter the Department) for work involving the installation of generator armature windings at the Robert Moses Plant of the Niagara Power Project (hereinafter the project). The Department then issued a prevailing wage rate schedule (hereinafter schedule) which ostensibly classified the project's work as that of electrician. In March 1989, petitioner, a potential bidder on the project, requested that the Department modify the schedule by adding the occupation "winder" as the appropriate trade or occupation performing the work on the project. The Department denied the request, adhering to its original determination that electrician was the appropriate job classification and corresponding wage schedule. Thereafter, petitioner commenced this CPLR article 78 proceeding to annul the Department's determination and seeking, *inter alia,* a judgment directing the Department to reissue a schedule for the project which included "winder" and declaring Labor Law § 220 unconstitutional insofar as it allows private parties to determine rates through the Department's utilization of collective bargaining agreements. Supreme Court dismissed the petition and this appeal followed.

We affirm. Supreme Court, in a well-reasoned decision, concluded that petitioner had failed to establish that the Department's determination was arbitrary, capricious or without legal basis and we agree. "It is well settled that the primary purpose and intent of the prevailing wage law (Labor Law § 220) is to protect workers by ensuring that they have an effective remedy to secure the prevailing wage" *(Williamson Roofing & Sheet Metal Co. v Town of Parish,* 139 AD2d 97, 103). The "prevailing rate of wage" is that paid under collective bargaining agreements to at least 30% of those employed "in the same trade or occupation" in a given locality (Labor

Law § 220 [5] [a]). In our view, "trade or occupation" classifications for work embraced by Labor Law § 220 are a matter given to the expertise of the Department *(see, Matter of Nelson's Lamp Lighters v Roberts,* 136 AD2d 810, 811, *lv denied* 73 NY2d 702; *see also, Matter of Tenalp Constr. Corp. v Roberts,* 141 AD2d 81, 85) and courts are strongly disinclined to disturb them, absent a clear showing that a classification does not reflect "the nature of the work actually performed" *(Matter of Kelly v Beame,* 15 NY2d 103, 109). Having reviewed the record, we find that it sufficiently demonstrates that the work envisaged by the project, the rewinding of off-line generators, is performed by electricians and does not constitute work performed by the "trade or occupation" of "winder" which is so distinct therefrom as to render the Department's determination arbitrary or capricious.

■ We also reject petitioner's contention that NYPA's failure to file its own "classification of workmen, mechanics and laborers to be employed [on the project], together with a statement of the work to be performed by each such classification" (Labor Law § 220 [3-a] [a]), requires annulment of the Department's determination. Although NYPA did not provide the Department with specific classifications for the project, it did file the project's technical specifications, describing in detail the work to be done. In our view, this sufficiently complies with the statute, and any failure by NYPA to strictly comply therewith had no material effect on the issue presented here or the Department's ultimate duty "to make a proper classification" (Labor Law § 220 [3-a] [a]; *compare, e.g., Williamson Roofing & Sheet Metal Co. v Town of Parish,* 139 AD2d 97, *supra; Matter of Compagni Constr. Co. v Ross,* 79 AD2d 831).

■ Next, we reject petitioner's argument that the Department's classification and prevailing wage determinations are subject to the rule promulgation requirements of the State Administrative Procedure Act. The Department's classifications are sufficiently established on a case-by-case analysis of the work to be performed such that they do not constitute a rule or regulation requiring filing *(see,* State Administrative Procedure Act § 102 [2]; *Matter of Dry Harbor Nursing Home & Health Related Facility v Axelrod,* 137 AD2d 962, 964, *lv denied* 73 NY2d 701; *cf., Matter of Sunrise Manor Nursing Home v Axelrod,* 135 AD2d 293, 296). Moreover, in our view,

Labor Law § 220 adequately outlines the Department's classification requirements so that rule promulgation of the process is unnecessary.

■ Petitioner also contends that Labor Law § 220 (5) unconstitutionally delegates legislative power to private parties by allowing the Department to rely on collective bargaining agreements in determining prevailing wage rates. We disagree. Parties who negotiate the collective bargaining agreements with employers may establish the prevailing wage for public works in a locality, but only when that employer employs at least 30% of the workers engaged in that kind of work in the locality *(see,* Labor Law § 220 [5] [a]). Although this may constitute some form of delegation of legislative power *(see, e.g., Male v Ernest Renda Contr. Co.,* 64 NJ 199, 314 A2d 361, *cert denied* 419 US 839), we find that the 30% requirement provides an ample safeguard so as to place any delegation well within constitutional parameters *(see, City of Amsterdam v Helsby,* 37 NY2d 19, 27; *see also, Male v Ernest Renda Contr. Co., supra).* The statute clearly limits the use of collective bargaining agreements in setting prevailing wage rates and the use thereof is reasonably necessary to the accomplishment of the Legislature's mandate to ensure that workers receive that prevailing wage *(see,* Labor Law § 220; *cf., Jewish Reconstructionist Synagogue v Incorporated Vil. of Roslyn Harbor,* 40 NY2d 158, 163).

■ We have examined petitioner's remaining contentions and find them either meritless or of insufficient gravity to disturb Supreme Court's dismissal of the petition. In so doing, we reject as premature any contention by petitioner, in this proceeding, that the Department's determination must be annulled to the extent it requires petitioner to provide supplements under that part of Labor Law § 220 preempted by the Employee Retirement Income Security Act *(see,* 29 USC § 1001 *et seq.; General Elec. Co. v New York State Dept. of Labor,* 891 F2d 25). The Department's determination under review here was made prior to the designation of any contractual wage or supplement requirements attaching to the project.

MAHONEY, P. J., MIKOLL, YESAWICH, JR., and MERCURE, JJ., concur.

Judgment affirmed, without costs.