■ RIVERTOWER ASSOCIATES et al., Respondents, v STUART P. CHALFEN, Appellant.—Order, Supreme Court, New York County (Shirley Fingerhood, J.), entered on March 6, 1990, which denied defendant's application pursuant to CPLR 5012 for severance of a request for attorney's fees pursuant to Real Property Law § 234, and denied that request, unanimously affirmed, with costs.

Plaintiffs and defendant negotiated a lease which, by its terms, was not to take effect until executed by the plaintiffs and delivered to the defendant. The lease was executed and delivered, but not before defendant had delivered to plaintiffs a letter refusing to enter into the lease.

The plaintiffs sued for six months' rent. The defendant counterclaimed for return of his deposit and first month's rent, and then moved for summary judgment dismissing the complaint and judgment on the counterclaim.

The IAS court granted the motion to dismiss the complaint, but denied summary judgment on the counterclaim. This court reversed insofar as appealed from, and granted the defendant summary judgment on the counterclaim (153 AD2d 196).

The defendant now seeks attorney's fees pursuant to Real Property Law § 234. Attorney's fees are available to a tenant under the statute only pursuant to a valid clause in a valid lease *(see, Cier Indus. Co. v Hessen,* 136 AD2d 145). This court has already determined that there is no valid lease. There is no merit to the defendant's contention that the lease was declared invalid for the purpose of the plaintiffs' claims, but still remains valid for the purpose of his counterclaims. Concur—Ross, J. P., Milonas, Rosenberger, Asch and Kassal, JJ.