■ In the Matter of SCHARF PLUMBING & HEATING, INC., Petitioner, v THOMAS F. HARTNETT, as Commissioner of Labor of the State of New York, Respondent.—Yesawich Jr., J. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Labor Law §§ 220 and 220-b) to review a determination of respondent which, *inter alia,* found that petitioner had willfully underpaid its employees.

Petitioner, a heating and plumbing contractor, admittedly did not pay an employee working on a public works project the prevailing wage. The Department of Labor offered to stipulate to a finding of willful underpayment, but petitioner refused and requested a hearing. At the hearing, petitioner denied that the payment violation was willful. Concluding otherwise, the Hearing Officer recommended a 25% penalty, the maximum allowable, and assessed interest in the amount of 16%. This proceeding to annul respondent's determination confirming the Hearing Officer's recommendation followed.

Petitioner urges that the finding of a willful violation was not supported by substantial evidence and that the penalty imposed was inappropriate. Willfulness presupposes that the underpayment was committed knowingly, intentionally or deliberately *(Matter of Cam-Ful Indus. [Roberts],* 128 AD2d 1006, 1007); mere inadvertence is insufficient *(see, Cervini Car Wash v Adduci,* 167 AD2d 309). The violator's knowledge may be actual or, where he should have known of the violation, implied *(see, Matter of Roze Assocs. v Department of Labor,* 143 AD2d 510; *Matter of Cam-Ful Indus. [Roberts], supra).*

Having performed 50 or so other public works projects, petitioner admittedly was familiar with the prevailing wage law requirement *(compare, Matter of Tru-Temp Indus. Insulation Co. v Hartnett,* 155 AD2d 820, 823). The core of its argument was not its unawareness of the requirement, but rather that its violation was inadvertent, and hence insufficient to support a finding of willfulness. This claim has merit.

While petitioner's cooperation in the investigation alone did not preclude a finding of willfulness *(see, Gross Plumbing & Heating Co. v Department of Labor,* 133 AD2d 524), the record evidence does. It establishes that the underpaid employee was hired to work on enterprises other than the public works project, that he was not regularly assigned to that particular project but sporadically sent there by the project manager, and that he worked a total of only 9½ days on this project which took more than four months to complete. He also never informed petitioner (nor, more importantly, did the project

manager inform payroll) that he worked on this particular project, he never requested proper payment from petitioner, and petitioner never saw this particular employee on the job site. Particularly persuasive that the underpayment was unintentional, notably no motive of any kind is suggested, is that petitioner properly paid each and every other employee working on this project (compare, Matter of L & M Co. v New York State Dept. of Labor, 161 AD2d 919, 920). Respondent urges that because the project manager knew that the employee was working on a public works project, the project manager's knowledge is imputable to petitioner. That would be so had evidence been produced demonstrating that the project manager was aware of the prevailing wage requirement and disobeyed it (compare, Matter of Roze Assocs. v Department of Labor, supra), but here there was none. For respondent's determination to be confirmed there must be acceptance of a premise we are unwilling to embrace, i.e., that the mere presence of an underpayment establishes willfulness.

There being no evidence that petitioner willfully underpaid its employee, and as petitioner, which has no history of prior payment violations, immediately acknowledged its responsibility for paying the back wages, imposition of the maximum civil penalty was unjustified (see, Matter of C.E.L. Lbr. v Roberts, 109 AD2d 1002, 1003; see, Labor Law § 220 [8]). The matter should be remitted for determination of a more appropriate penalty.

Petitioner's remaining argument is that respondent failed to hold the hearing and render a determination more expeditiously in violation of Labor Law § 220 (8). This statute provides that the hearing "be expeditiously conducted". Although two years elapsed between the date the claim for reimbursement was made and the date respondent's determination upholding the Hearing Officer's decision was rendered, petitioner demonstrates no prejudice as a consequence of delay other than for a portion of the interest due, which petitioner could have avoided by paying the uncontested underpayment.

Mikoll, J. P., Crew III and Harvey, JJ., concur.

Mercure, J. (dissenting). Because it is my view that respondent's finding of willful violation was supported by substantial evidence, I respectfully dissent and vote to confirm respondent's determination.

A violation of Labor Law § 220 is willful if it is committed knowingly, intentionally or deliberately (see, Matter of Cam-Ful Indus. [Roberts], 128 AD2d 1006). "No showing of intent to

deprive the Government of its money is necessary but only something more than accidental nonpayment is required" *(Matter of Levin v Gallman,* 42 NY2d 32, 34 [citations omitted]; *see, Matter of Cervini Car Wash v Adduci,* 167 AD2d 309; *Matter of Cam-Ful Indus. [Roberts], supra,* at 1007). A finding of willful violation is supported by substantial evidence if it is shown that the contractor "knew or should have known that its actions violated the Labor Law" *(Matter of Green Is. Constr. Co. v Roberts,* 139 AD2d 907, 908; *see, Matter of Cam-Ful Indus. [Roberts], supra,* at 1007) because of its prior experience on public works projects and its officers' knowledge of the requirements of the prevailing wage law *(see, Matter of Mid Hudson Pam Corp. v Hartnett,* 156 AD2d 818, 821; *Matter of Roze Assocs. v Department of Labor,* 143 AD2d 510). Here the evidence established that petitioner had considerable experience in public works projects and was informed on the requirements of the prevailing wage law. Its project manager, also familiar with public work, was clearly aware that the employee was working on a public project and his knowledge may be imputed to petitioner *(see, Matter of Roze Assocs. v Department of Labor, supra).* Further, the testimony of petitioner's principal supported a finding that the employee's time card indicated the place where his work was performed, providing petitioner's payroll clerk with actual knowledge of the fact that the work was performed on a public project and, as a consequence, the requirement that the prevailing wage be paid. Finally, petitioner has not demonstrated that the interest and penalty imposed by respondent are shocking to one's sense of fairness *(see, Matter of Hull-Hazard, Inc. v Roberts,* 136 AD2d 872, 874, *mod on other grounds* 74 NY2d 710).

Adjudged that the determination is modified, without costs, by annulling so much thereof as imposed a $450 civil penalty against petitioner; matter remitted to respondent for further proceedings not inconsistent with this court's decision; and, as so modified, confirmed.