■ In the Matter of D. A. ELIA CONSTRUCTION CORPORATION, Petitioner, v STATE OF NEW YORK et al., Respondents.—Levine, J. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Labor Law §§ 220 and 220-b) to review a determination of respondent Commissioner of Labor which, *inter alia,* found that petitioner willfully failed to pay prevailing wages and supplements.

In 1987, petitioner began work on an $800,000 contract with the State Office of General Services involving construction at the Albion Correctional Facility in Orleans County. Following visits to the construction site by an investigator from respondent Department of Labor (hereinafter Department) in August and September 1988, petitioner was served with a notice for a hearing regarding alleged violations of the State's prevailing wage rate law (Labor Law § 220). At the conclusion of the hearing, the Hearing Officer recommended that petitioner be found to have underpaid 14 employees on the job a total of some $5,300 by misclassifying them as laborers when, according to the work they performed, they should have been classified in higher categories calling for additional remuneration. The Hearing Officer further recommended that the violation be found to be willful. Respondent Commissioner of Labor adopted the Hearing Officer's recommendations and imposed a civil penalty of 20% of the underpaid wages. This proceeding followed.

The sole contention of petitioner on review is that the Commissioner's finding of a willful violation is not supported by substantial evidence. According to petitioner, any misclassification of workers that may have resulted in underpayments was entirely due to the inexperience of its job superintendent at the site, whose construction background was acquired in other states and who had never previously been involved in a project governed by New York's prevailing wage rate law. Petitioner claims that the evidence establishes that its superintendent made an honest mistake in classifying workers according to their qualifications and experience rather than the work they were performing. Petitioner further contends that such an inadvertent error by its project superintendent

cannot form the basis of a willful violation of the prevailing wage rate law by petitioner in the absence of proof that an officer of petitioner was aware of the violation (citing, *inter alia, Matter of Sharf Plumbing & Heating v Hartnett,* 175 AD2d 421). We disagree.

The evidence at the hearing established that petitioner was a highly experienced public work contractor. There was also evidence from which it was inferable that petitioner was aware that its project superintendent at the site was not knowledgeable regarding the State's prevailing wage rate system. Nonetheless, there was proof that petitioner made no effort to instruct its superintendent on prevailing wage rate classification of workers or to supervise his method of classification for purposes of workers' hourly rates of pay. Moreover, the superintendent submitted daily and weekly reports to petitioner containing coded entries identifying, *inter alia,* each worker's classification by the superintendent and the specific task that the worker performed. Examination of these reports clearly would have put petitioner on notice of its superintendent's misclassifications. Under all the foregoing circumstances, the Commissioner could reasonably conclude that, at the least, petitioner *should have known* that there were violations of the prevailing wage law. This is sufficient to support a finding of willfulness, irrespective of petitioner's cooperation when the violation was directly brought to its attention by one of the Department's investigators *(see, Matter of Cam-Ful Indus. [Roberts],* 128 AD2d 1006, 1007).

The case of *Matter of Sharf Plumbing & Heating v Hartnett (supra),* principally relied upon by petitioner, is readily distinguishable. In that case the violation involved a single employee who only worked sporadically on the particular public work project and whose name never appeared on the payroll for that job. Moreover, the proof in that case was that the employer properly paid all other employees working on the project.

We, therefore, conclude that the Commissioner's determination should be confirmed in all respects. In doing so, we reject respondents' request to remit for purposes of correcting a claimed inadvertent omission of an underpayment to a 15th employee on the Albion project. No facts concerning this issue were pleaded in the answer to the petition, nor did the answer request any affirmative relief.

Weiss, P. J., Mercure and Casey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.