■ FAST TRAK STRUCTURES, INC., Petitioner, v THOMAS F. HARTNETT, as Commissioner of Labor of the State of New York, Respondent.—Determination unanimously modified on the law and as modified confirmed without costs in accordance with the following Memorandum: In this CPLR article 78 proceeding brought pursuant to Labor Law § 220 (8), petitioner argues that the determination of the Commissioner of Labor, that petitioner's violation of the Prevailing Wage Law in two instances was willful, is arbitrary, capricious, and not supported by substantial evidence. We agree. Petitioner does not contest the fact that violations occurred; petitioner takes issue only with the Commissioner's finding of willfulness. The term "willful", as used in the Labor Law, requires that petitioner act " ' "intentionally or deliberately" ' " *(Matter of Hull-Hazard, Inc. v Roberts,* 129 AD2d 348, 352, *affd* 72 NY2d 900). Moreover, violations are considered willful if the contractor is experienced and "should have known" that the conduct engaged in is illegal *(Elmira Structures v Hartnett,* 149 AD2d 913; *Matter of Roze Assocs. v Department of Labor,* 143 AD2d 510).

Here, petitioner's principal testified that he did not know that his actions in two rather trivial instances violated the Prevailing Wage Law, and that he did not intend to commit any violations. Respondent's witness admitted that petitioner had no prior violations although petitioner was an experienced public work contractor, which had been investigated by respondent in connection with prior public work contracts. Respondent's witness further admitted that petitioner had received no prior notice or warning from the Department that the conduct complained of violated the Prevailing Wage Law.

In our view, the record does not support respondent's

finding of willfulness. Respondent presented no proof to rebut petitioner's assertion that the violations were unintentional, nor did respondent present any evidence to demonstrate that the violations were so blatant that any experienced contractor would have recognized them as such. Consequently, the determination is modified to delete the finding of willfulness and otherwise is affirmed. (Original Proceeding Pursuant to Labor Law § 220.) Present—Boomer, J. P., Pine, Lawton, Davis and Doerr, JJ.