■ In the Matter of Otis Eastern Service, Inc., Petitioner, v John F. Hudacs, as Commissioner of the Department of Labor of the State of New York, Respondent.—Mikoll, J. P. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Labor Law §§ 220 and 220-b) to review a determination of respondent which, *inter alia,* found that petitioner failed to pay prevailing wage and wage supplements.

The issue before us is whether petitioner failed to pay prevailing wages and wage supplements to 28 workers on its Belleayre Mountain Ski Center project in Ulster County by improperly classifying them as general laborers and welder helpers, paying them $17.40 an hour, rather than as intermediate laborers who are entitled to $19.35 per hour as determined by respondent.

It is petitioner's contention that respondent's decision is not supported by substantial evidence. Petitioner argues that this court should examine the nature of the work actually performed, that the workers in issue did the work of base laborers and graded helpers and were properly paid, and that the finding of willful underpayment is not supported by the record and should be set aside. Petitioner contends that it had no prior experience with State contracts, that it was the failure of the Department of Environmental Conservation and the Department of Labor to issue a prevailing wage schedule that directly related to and clearly defined the nature of the work on the project which was the cause of any underpayment, and that petitioner's assumption that compliance with union contracts would be compliance with the prevailing wage was a reasonable one.

The Hearing Officer found that petitioner had not underpaid the laborers on the project and that the correct rate of pay for all the employees at issue (laborers and welder helpers) was $15.45, the basic laborer's rate on the prevailing wage schedule. The national agreement between the Laborers' International Union and the National Pipeline Association was held to be the applicable union contract in deciding the prevailing wage rather than the Laborers' Union Local 17 Agreement and, thus, job classification and rates of pay were properly defined pursuant to it. The rate paid was found to be the prevailing wage required therein.

Respondent's determination rejected the Hearing Officer's finding and held that the classifications in the Laborers' Union Local 17 Agreement determined the classification of workers and that the work performed by the employees at issue was the work of "pipe men" as defined by the Local 17 Agreement, entitling them to an intermediate laborer's rate of $19.35 per hour. Respondent found that petitioner's underpayments were willful and that it owed $38,758.77 in underpayments and $11,792.56 in interest to September 30, 1989. A penalty of $5,000 was also assessed against petitioner.

In a CPLR article 78 proceeding, this court's determination, following an agency hearing required by law, is limited to whether the agency's determination is supported by substantial evidence in the record (*300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 180; *Matter of Tru-Temp Indus. Insulation Co. v Hartnett,* 155 AD2d 820, 823). Classification determinations are within the expertise of respondent and "should not be disturbed in the absence of a clear showing that a classification does not reflect ' "the nature of the work

actually performed" ' " *(Matter of Sierra Telcom Servs. v Hartnett,* 174 AD2d 279, 283, *appeal dismissed* 79 NY2d 1039, quoting *Matter of General Elec. Co. v New York State Dept. of Labor,* 154 AD2d 117, 120, *affd* 76 NY2d 946, quoting *Matter of Kelly v Beame,* 15 NY2d 103, 109; *see, Matter of Nelson's Lamp Lighters v Roberts,* 136 AD2d 810, 811, *lv denied* 73 NY2d 702). By statute, prevailing wages are defined by reference to collective bargaining agreements reached by labor organizations (Labor Law § 220 [5] [a]). These may be used by respondent as evidence to support his decision as to the proper classification.

Applying these principles to the instant matter, we find that in rejecting the national agreement and accepting the Local 17 Agreement as determinative, respondent found that the workers did enough work with pipe to qualify as "pipe men" and thus found them to be intermediate laborers. We cannot say that respondent's classification failed to reflect the nature of the work, nor can we conclude that respondent's determination was not supported by substantial evidence.

On the issue of willfulness, the law is well settled that a violator of Labor Law § 220 is a "willful violator" if it "knew or should have known" that it was violating the prevailing wage law *(Matter of D.D.G. Gen. Contr. Corp. v Hartnett,* 149 AD2d 819, 821). The finding of willfulness here is supported by substantial evidence. We note that petitioner, though it now claims confusion surrounding the prevailing wage schedule issued by the Department of Labor, failed to resolve the confusion but merely assumed that compliance with the national agreement would be sufficient.

Yesawich Jr., Mercure, Crew III and Harvey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.