■ In the Matter of NELSON's LAMP LIGHTERS, INC., Petitioner, v JOHN F. HUDACS, as Commissioner of Labor, Respondent. [611 NYS2d 714] —Cardona, P. J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Labor Law §§ 220 and 220-b) to review a determination of respondent which, *inter alia,* found that petitioner willfully failed to pay prevailing wages and supplements.

Petitioner is an electrical contractor that contracted to perform work on three public works projects (hereinafter the Broome County, Trumansburg and Black River projects) during the period of April 1987 through July 1987, totaling $876,150 in bids. Following investigations, the Department of Labor issued findings to petitioner setting forth alleged underpayments. An administrative hearing was held in April 1991. The Hearing Officer recommended, *inter alia,* that petitioner be found to have willfully failed to pay wages and supplements in accordance with Labor Law article 8 with respect to all three contracts, that the failures to pay constitute one final determination within the meaning of Labor Law § 220-b (3) (b)* and that a civil penalty of 22% of the total amount of underpaid wages and supplements be assessed. In a determination dated October 30, 1992, respondent substantially adopted the Hearing Officer's recommendation except that it reduced by 2% the amount of civil penalty imposed.

Petitioner concedes that underpayment violations occurred with respect to the Broome County and Black River projects but contends they were inadvertent and de minimis. With

* Labor Law § 220-b (3) (b) provides in relevant part as follows: "When two final determinations have been rendered against a contractor or subcontractor and/or its successor within any consecutive six-year period determining that the contractor or subcontractor and/or its successor has willfully failed to pay the prevailing rate of wages or to provide supplements in accordance with this article, whether such failures were concurrent or consecutive and whether or not such final determinations concerning separate public work projects are rendered simultaneously, such contractor or subcontractor and/or its successor shall be ineligible to submit a bid on or be awarded any public work contract or subcontract with the state, any municipal corporation or public body for a period of five years from the second final determination". Petitioner had a final determination within the meaning of this section rendered against it within the preceding six years *(see, Nelson's Lamp Lighters v Roberts,* 136 AD2d 810, *lv denied* 73 NY2d 702).

respect to the Trumansburg project, petitioner contends that no violation occurred because it did not learn of the updated prevailing wage schedule issued in August 1987 for nearly a year after its issuance and therefore was not obligated to pay the higher wages until 30 days after it received notice of the schedule, which occurred in a meeting with the Department's representatives on August 24, 1988. Therefore, petitioner argues that the record lacks substantial evidence to support respondent's determination that petitioner willfully failed to pay prevailing wages and supplements.

"Substantial evidence has been defined as ' "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" ' " *(Matter of Berenhaus v Ward,* 70 NY2d 436, 443, quoting *People ex rel. Vega v Smith,* 66 NY2d 130, 139, quoting *300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 180). With this definition in mind, we begin by addressing petitioner's argument with respect to the Trumansburg project. On November 12, 1987, the project architect held a job progress meeting of all the contractors. Petitioner's former construction manager was in attendance. The architect's progress notes of that meeting indicate that the updated prevailing wage schedule was distributed to each of the contractors. A copy of the minutes of the progress meeting was received and reviewed by petitioner's project manager, who apparently took no exception to them. This evidence supports respondent's finding that petitioner received the updated prevailing wage schedule on November 12, 1987; although petitioner's evidence supports a contrary conclusion, it was permissible for the Hearing Officer to resolve the credibility issue thus raised against petitioner *(see, Matter of RSI Roofing v Hartnett,* 177 AD2d 885; *Matter of Naftilos Painting & Sandblasting v Hartnett,* 173 AD2d 964).

We also reject petitioner's arguments that the underpayments on the Broome County and Black River projects constituted accidental and de minimis violations. The prevailing rate schedules for these projects were incorporated into the respective contracts and although the underpayment amounts were concededly small in relation to the value of the contracts, their duration extended over many months.

Finally, we turn to respondent's determination of willfulness. Unlike *Matter of Scharf Plumbing & Heating v Hartnett* (175 AD2d 421), relied on by petitioner, the evidence here indicates a pattern of underpayments, rather than a mere accidental nonpayment of a single employee *(see, Matter of*

*Elia Constr. Corp. v State of New York,* 180 AD2d 881, *lv denied* 80 NY2d 752). Furthermore, evidence of petitioner's cooperation when the violations were brought to its attention by the investigators does not preclude a finding of willfulness *(see, supra; Matter of Scharf Plumbing & Heating v Hartnett, supra).*

Petitioner is an experienced public works contractor with a prior history of an underpayment violation *(see, Fast Trak Structures v Hartnett,* 181 AD2d 1013; *Matter of RSI Roofing v Hartnett, supra; Matter of Scharf Plumbing & Heating v Hartnett, supra,* at 422). Based on this record, we are unable to conclude that respondent's determination of willfulness was not supported by substantial evidence *(see, Matter of Otis E. Serv. v Hudacs,* 185 AD2d 483, 485).

We have examined petitioner's other contentions and find them to be without merit.

White, Casey, Weiss and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.