■ In the Matter of TPK CONSTRUCTION CORPORATION, Petitioner, v JOHN F. HUDACS, as Commissioner of Labor of the State of New York, Respondent. [613 NYS2d 482] —Weiss, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Labor Law §§ 220 and 220-b) to review a determination of respondent that petitioner failed to pay prevailing wages and supplements.

While candidly conceding liability for (1) underpayment of prevailing wages, (2) the interest thereon, (3) the imposition of civil penalty, and (4) a finding that its joint venturer was guilty of willful violation for the purposes of Labor Law § 220-b (3) (b), petitioner protests that it is innocent of any wrongdoing. The record in this proceeding renders the inconsistency unacceptable.

Petitioner contends that its sole participation in the contract was to provide bonding capability to Erie Coatings, Inc. (hereinafter Erie) for the May 16, 1985 contract with the Department of Transportation to paint and do related work on two bridges on Interstate Route 87 over the Mohawk River in

Albany and Saratoga Counties. The named contractor was "TPK Const. Corp. and Erie Coating, Inc.", a New Jersey corporation whose business address was 410 Bergen Boulevard, Palisades Park, New Jersey, which is petitioner's principal place of business. Petitioner contends that Erie, its joint venturer, ran the job completely and that petitioner played no part in the performance, and argues that it was error to impute a willful violation of Labor Law § 220-b (3) (b), the prevailing wage and supplement law, based solely upon its legal status as a joint venturer.

The record portrays a much different picture. Correspondence from the State was regularly mailed to petitioner's office. The letterhead used was "Erie Coatings & TPK Corp." and insurance policies listed "Erie Coatings, Inc. and TPK Construction Corp." as insured. Payroll records were labeled "TPK and Erie Coatings, Inc." The State engineer who was at the job site each day testified that Timothy Koustas, petitioner's president, was present on several occasions and participated in discussions about the contract, including an extension of the completion date due to work delays. The Department of Labor's auditor also observed Koustas on the job site, conferred with him and wrote to him about the prevailing wage violations. Koustas himself testified that he spoke to Erie "very, very often" about the project.

The record shows that, significantly, petitioner was a highly experienced contractor having had over 50 contracts for public works, and itself had been charged with previous violations of the prevailing wage law. In 1982 it was charged with underpayment of wages on a contract at Rome Developmental Center in Oneida County. In 1983 it made restitution on another charge of payroll irregularities. In 1984 a Hearing Officer found petitioner guilty of payroll violations on a contract to paint bridges in Montgomery and Herkimer Counties. He further found the violations to be "deliberate and flagrantly" committed and that petitioner had falsified payroll records in "at least the fourth underpayment", determining that petitioner willfully failed to pay prevailing wages and provide supplements in accordance with the Labor Law. In 1988 petitioner was found guilty of a nonwillful violation of prevailing wage requirements on the Irondequoit Bay Bridge contract in Monroe County.

Violations of the prevailing wage law "are considered willful if the contractor is experienced and 'should have known' that the conduct engaged in is illegal" *(Fast Trak Structures v Hartnett,* 181 AD2d 1013; *see, Elmira Structures v Hartnett,*

149 AD2d 913; *Matter of Roze Assocs. v Department of Labor,* 143 AD2d 510). We are not unmindful of our holding in *Matter of Scharf Plumbing & Heating v Hartnett* (175 AD2d 421), but find that the circumstances here are more akin to our dissent in that case, i.e.: " 'No showing of intent to deprive the Government of its money is necessary but only something more than accidental nonpayment is required' * * * A finding of willful violation *is supported* by substantial evidence *if it is shown* the *contractor 'knew or should have known* that *its actions violated* the Labor Law' * * * *because of its prior experience on public works projects and* its *officers' knowledge* of *the requirements* of the prevailing wage law." *(Supra,* at 422-423 [Mercure, J., dissenting], quoting *Matter of Levin v Gallman,* 42 NY2d 32, 34 and *Matter of Green Is. Constr. Co. v Roberts,* 139 AD2d 907, 908 [citations omitted] [emphasis supplied].)

This Court has upheld findings of willfulness, rejecting arguments of lack of prior experience with State contracts, if the contractor knew or should have known that it was violating the law *(Matter of Otis E. Serv. v Hudacs,* 185 AD2d 483, 485). Similarly, we rejected the excuse that underpayment of workers by an inexperienced job superintendent attributed to an inadvertent and honest mistake, and found instead that a highly experienced public work contractor *should have known* of the violations *(Matter of Elia Constr. Corp. v State of New York,* 180 AD2d 881, *lv denied* 80 NY2d 752; *see, Matter of Nelson's Lamp Lighters v Hudacs,* 204 AD2d 814).

In a CPLR article 78 proceeding, our review is limited to deciding whether the agency's determination is supported by substantial evidence in the record *(300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 180; *Matter of Otis E. Serv. v Hudacs, supra; Matter of RSI Roofing v Hartnett,* 177 AD2d 885). In our view, this record graphically demonstrates that petitioner, which was a highly experienced public works contractor well aware of the statute and itself found guilty of violations at least four times, certainly knew or should have known that the law was being breached *(see, Matter of Georgakis Painters Corp. v Hartnett,* 170 AD2d 726).

It is well settled that determinations made by an administrative Hearing Officer resolving credibility discrepancies in testimony are unassailable and that such testimony provides substantial evidence to support the determination under review *(see, Matter of Berenhaus v Ward,* 70 NY2d 436, 443; *Matter of Naftilos Painting & Sandblasting v Hartnett,* 173 AD2d 964, 966). It is not the function of an appellate court to

weigh the evidence, reject testimony or substitute its judgment on matters of credibility *(Matter of Stork Rest. v Boland,* 282 NY 256, 267; *Matter of Tru-Temp Indus. Insulation Co. v Hartnett,* 155 AD2d 820, 822).

Finally, it has been firmly established that joint venturers are jointly and severally liable for any wrongful act or omission of any partner acting in the ordinary course of the business of the partnership *(Gramercy Equities Corp. v Dumont,* 72 NY2d 560).

The determination should therefore be confirmed and the petition dismissed.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.