■ In the Matter of MARANGOS CONSTRUCTION CORPORATION, Petitioner, v NEW YORK STATE DEPARTMENT OF LABOR et al., Respondents. [628 NYS2d 451] —Spain, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Oswego County) to review a determination of respondent Commissioner of Labor which, *inter alia,* found that petitioner failed to pay prevailing wages and supplements.

In June 1988 the State University Construction Fund (hereinafter SUCF) entered into a contract with petitioner for the replacement of the roof on Park Hall at the State University of New York at Oswego. As the result of a complaint by an employee who worked on the project respondent Department of Labor's Bureau of Public Work (hereinafter the Bureau) commenced an investigation and eventually charged petitioner with a number of violations of Labor Law article 8 including, *inter alia,* failure to pay the required rates of wages and wage supplements to eight employees on the project. Following a hearing the Hearing Officer found, *inter alia,* that petitioner had underpaid the employees by $17,363.88 in wages and wage supplements by willfully failing to pay them for overtime and by erroneously paying them at a roofer's wage rather than at a sheet metal worker's wage for that portion of the project that involved the installation of copper roofing. The Hearing Officer recommended that petitioner be required to pay the unpaid wages plus interest and that a 25% civil penalty be assessed. Respondent Commissioner of Labor issued an order which adopted the Hearing Officer's recommendations and petitioner has challenged that order in this CPLR article 78 proceeding.

A review of the contract specifications and the testimony of petitioner's employees clearly establishes that part of the project required the employees to cut, fabricate, lay, nail and eventually solder 14-gauge copper sheeting to the sloped portions of the roof on Park Hall. The wage investigator who testified for the Bureau concluded that, based upon his experience and his inquiries, the prevailing practice in the Syracuse area was to classify employees performing this type of work as sheet metal workers. Whether the work performed is appropriately classified "is a matter within respondents' expertise" (*Matter of L & M Co. v New York State Dept. of Labor,* 161 AD2d 919) and will not be disturbed without a clear showing that the

classification does not reflect "the nature of the work actually performed" (*Matter of Kelly v Beame*, 15 NY2d 103, 109; *see, Matter of Agency Constr. Corp. v Hudacs*, 205 AD2d 980; *Matter of Otis E. Serv. v Hudacs*, 185 AD2d 483; *Matter of General Elec. Co. v New York State Dept. of Labor*, 154 AD2d 117, *affd* 76 NY2d 946). Accordingly, we conclude that the Commissioner's determination that petitioner should have paid the prevailing sheet metal worker's wage for that portion of the project which involved the installation of copper roofing is supported by substantial evidence.

Petitioner's contention that SUCF failed to formally classify the workers to be employed on the project as required by Labor Law § 220 (3-a) (a) is also without merit. The contract documents clearly apprised petitioner that it would have to perform sheet metal work upon sheet metal material and, in fact, sheet metal work was actually performed (*see, Matter of Sierra Telcom Servs. v Hartnett*, 174 AD2d 279, 285, *appeal dismissed* 79 NY2d 1039, *lv denied* 80 NY2d 757, *cert denied* 507 US 972; *Matter of General Elec. Co. v New York State Dept. of Labor*, *supra*, at 120).

We further reject petitioner's contention that the Commissioner's determination that petitioner willfully failed to pay overtime to its employees is not supported by substantial evidence. The record reveals that during the course of the Bureau's investigation, petitioner failed to submit time cards for the employees who worked on the project. Since petitioner's records were inadequate to establish the number of hours worked, the Commissioner was justified in relying on the testimony of employees regarding the hours worked, the weekly work routine of all of the employees and the number of hours spent working on the copper portion of the roof; one of the employees kept a calendar on which he contemporaneously recorded his work schedule during the project. "If the contractor fails to maintain proper records * * * other evidence may be used to establish the amount of underpayments * * * even though the results may be approximate" (*Matter of L & M Co. v New York State Dept. of Labor*, 171 AD2d 795 [citations omitted]; *see, Matter of Mid Hudson Pam Corp. v Hartnett*, 156 AD2d 818). After an alternate method is employed by the Commissioner to determine the number of hours worked, petitioner bears the burden of demonstrating the unreasonableness of the Commissioner's conclusion (*see, Matter of Agency Constr. Corp. v Hudacs, supra; Matter of Georgakis Painters Corp. v Hartnett*, 170 AD2d 726; *Matter of Mid Hudson Pam Corp. v Hartnett, supra*). Petitioner has failed to meet its burden; its time rec-

ords were inadequate. Accordingly, there is substantial evidence in the record to support the Commissioner's determination that the employees in question worked in excess of seven hours per day on numerous occasions without receiving overtime pay.

Petitioner further contends that the Commissioner's determination that it willfully failed to pay overtime is arbitrary and capricious and not supported by substantial evidence. We disagree. Petitioner, as an experienced contractor, knew or should have known that the employees were not being paid overtime on the days they worked more than seven hours (*see*, *Matter of J.F.B. Painting & Supply v Hudacs*, 210 AD2d 805, 806; *Matter of TPK Constr. Corp. v Hudacs*, 205 AD2d 894; *Fast Trak Structures v Hartnett*, 181 AD2d 1013). Moreover, petitioner should have been aware of the requirements of Labor Law article 8, having been the subject of several wage-related investigations by the Bureau and having consented to a finding of a nonwillful violation relating to underpayment of wages in 1991.

Petitioner also suggests that it should not be held accountable for its failure to pay overtime because it relied on the project supervisor who never advised petitioner of the overtime work. This argument is without merit, as petitioner is fully accountable for the noncompliance of its supervisor (*see*, *Matter of J. E. Roze Assocs. v Department of Labor*, 143 AD2d 510). Finally, there is sufficient evidence in the record to support the Commissioner's assessment of the 25% civil penalty, which we will not disturb.

Mercure, J. P., Crew III, White and Casey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.