■ In the Matter of M. PASSUCCI GENERAL CONSTRUCTION Co., INC., Petitioner, v JOHN F. HUDACS, as Commissioner of Labor of the State of the New York, Respondent. [633 NYS2d 903] —Determination unanimously modified on the law and as modified confirmed without costs and matter remitted to respondent for further proceedings in accordance with the following Memorandum: Petitioner commenced this proceeding to challenge a determination by the New York State Department of Labor (Department) that petitioner willfully violated Labor Law § 220 by underpaying two employees, Scott Thrun and Robert Higgins, the prevailing wage for laborers and technical engineers on a construction project.

The record is devoid of proof that either Thrun or Higgins performed the work of a technical engineer. Two site inspectors employed by the New York State Department of Transportation (DOT) acknowledged that they did not know the definition or duties of a technical engineer. The Department employee who conducted the prevailing wage investigation testified that he did not observe the work performed by Thrun or Higgins and that he had relied upon the daily reports prepared by those inspectors. Thus, we modify the determination by annulling the finding that petitioner failed to pay the prevailing wage for the work of Thrun and Higgins as technical engineers. There is, however, substantial evidence that each of those employees performed survey work either as an instrument man or a rodman. The daily reports do not distinguish, however, between work performed as an instrument man or rodman, and the testimony of one DOT inspector establishes that about half of the work listed as survey work on the daily reports did not involve the work of an instrument

man or rodman. We, therefore, confirm the determination insofar as it finds that Thrun and Higgins performed survey work as a rodman for half of the time allocated in those reports as survey work and that the remainder of the work performed by those employees should be classified as laborer work. We remit this matter to respondent for recalculation of the amount of underpayment consistent with this decision.

The determination that the failure to pay prevailing wages was willful is supported by substantial evidence. Michael Passucci, the owner of petitioner, was present nearly every day that Thrun and Higgins worked at the site. He acknowledged that he was familiar with the prevailing wage requirements, and that, as an experienced public work contractor, he knew or should have known that he was required to pay the prevailing wage to Thrun and Higgins for work as a rodman or laborer *(see, Fast Trak Structures v Hartnett,* 181 AD2d 1013; *Matter of Cam-Ful Indus. [Roberts],* 128 AD2d 1006, 1007).

We reject the contention of petitioner that the three-year delay in conducting the hearing deprived it of due process. Petitioner failed to establish that the delay significantly and irreparably hindered its ability to present a defense *(see, Matter of Corning Glass Works v Ovsanik,* 84 NY2d 619, 624; *Matter of Cortlandt Nursing Home v Axelrod,* 66 NY2d 169, 180, *rearg denied* 66 NY2d 1035, *cert denied* 476 US 1115; *Sarkisian Bros. v State Div. of Human Rights,* 48 NY2d 816, 818). We nevertheless conclude that the Department failed to conduct the hearing "expeditiously", as required by Labor Law § 220 (8). Prior to January 30, 1991, the regulations of the Department specified that prevailing wage hearings should be conducted, whenever possible, within 120 days of the completion of the Department's investigation *(see,* 12 NYCRR 701.4 [b] [eff prior to Jan. 30, 1991]). Although that time constraint has been repealed, it does show what the Department formerly considered to be expeditious. We conclude that a three-year delay in conducting a hearing is not expeditious and that petitioner should not be obligated to pay interest for the period of the Department's unreasonable delay *(see, Matter of Georgakis Painters Corp. v Hartnett,* 170 AD2d 726, 729). Thus, we further modify the determination by annulling the direction that petitioner pay interest for the period from completion of the investigation to commencement of the hearing and further remit this matter for a determination whether any delay was caused by petitioner, and if so, for computing the time that interest should be imposed upon the underpayments *(see, Matter of Georgakis Painters Corp. v Hartnett, supra).* (Original

Proceeding Pursuant to Labor Law art 8.) Present—Denman, P. J., Lawton, Doerr, Balio and Boehm, JJ.