In the Matter of CHESTERFIELD ASSOCIATES, Petitioner, v NEW YORK STATE DEPARTMENT OF LABOR, Respondent. [771 NYS2d 139]—

Proceeding pursuant to CPLR article 78 and Labor Law § 220 (8) to review a determination of the Commissioner of the New York State Department of Labor dated July 29, 2002, which, after a hearing, inter alia, (1) found that the petitioner failed to pay the prevailing wages and supplements on five public works projects, (2) found that the petitioner's failure to pay the prevailing wages was willful, (3) ordered the petitioner to pay the principal sums of $50,449.47 in wages and $597,236.45 in supplements with interest at the rate of 16% per year from the date of the underpayment to the date of payment, except for the period between April 17, 2000, and November 18, 2001, and (4) assessed a civil penalty in the amount of 10% of the total amount of the unpaid wages.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

The petitioner, Chesterfield Associates (hereinafter Chesterfield), entered into five public works contracts to repair certain bridges and roads in Nassau County and Suffolk County. Upon receiving complaints that Chesterfield failed to pay the prevailing wages and supplements, the New York State Department of Labor (hereinafter the DOL) conducted an investigation. After an administrative hearing, the Hearing Officer determined that Chesterfield failed to pay $50,449.47 in wages and $597,236.45 in supplements and that its failure to pay the prevailing wages constituted a single willful violation of Labor Law § 220. In addition, the Hearing Officer recommended that the Commissioner of the DOL (hereinafter the Commissioner) assess a civil penalty in the amount of 10% of the total amount of unpaid wages and direct Chesterfield to pay the unpaid wages and supplements with interest at the rate of 16% per year from the date of the underpayment to the date of payment, except for a 19-month period of delay during the hearing, which was attributable to the DOL. The Commissioner adopted the Hearing Officer's

recommendations and Chesterfield commenced this proceeding to challenge the Commissioner's determination.

Contrary to Chesterfield's contention, the Commissioner's determination that it willfully failed to pay the prevailing wages was supported by substantial evidence. Chesterfield was an experienced public works contractor with a history of underpayment violations and its officers knew or should have known how to comply with the prevailing wage schedules (*see Matter of Baywood Elec. Corp. v New York State Dept. of Labor,* 232 AD2d 553, 555 [1996]; *Matter of TPK Constr. Corp. v Hudacs,* 205 AD2d 894, 895-896 [1994]; *Matter of Nelson's Lamp Lighters v Hudacs,* 204 AD2d 814, 816 [1994]). Moreover, Chesterfield's good faith cooperation with the investigation did not preclude a finding of willfulness (*see Matter of Elia Constr. Corp. v State of New York,* 180 AD2d 881, 882 [1992]; *Matter of Cam-Ful Indus.,* 128 AD2d 1006, 1007 [1987]).

Chesterfield's objections to the Commissioner's determination regarding the underpayment of supplements are equally without merit. Pursuant to Labor Law § 220 (3) and the implementing regulations set forth in 12 NYCRR 220.2, contractors provide supplements to employees on public work projects either by contributing to a benefit plan, paying the cash equivalent of the benefit directly to the employee, or using a combination of those options, as long as the total package is not less than the local prevailing supplements. To determine the hourly cash equivalent of supplements paid into an employee benefit plan, the Commissioner used the annualization formula set forth in 12 NYCRR 220.2 (d) (1), which requires him to "divide the actual contribution or cost for providing such supplement by the total annual hours worked on both public and private work."

Although the annualization regulation may have an economic impact on contractors who perform public work, it does not compel them to pay the prevailing supplements in cash or make matching contributions to their employee benefit plan for private work. Thus, the annualization regulation does not violate Labor Law § 220 and it is not preempted by the National Labor Relations Act (29 USC §§ 151-169) (*see Rondout Elec. v New York State Dept. of Labor,* 335 F3d 162 [2d Cir 2003]).

Chesterfield's remaining contentions regarding the calculation of interest are without merit. Krausman, J.P., Schmidt, Mastro and Rivera, JJ., concur.