■ In the Matter of EDWARD M. NASH, Doing Business as NPC SECURITY & ELECTRONICS, Petitioner, v NEW YORK STATE DEPARTMENT OF LABOR et al., Respondents. [824 NYS2d 438]—

Kane, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Labor Law §§ 220 and 220-b) to review a determination of respondent Commissioner of Labor which found that petitioner willfully failed to pay prevailing wages and supplements.

Petitioner is a self-employed electrician and sole proprietor of a business for which he is the only permanent worker. He entered into contracts to perform electrical work for two municipalities. For each of these projects, petitioner hired two men to assist him in completing the installation. Petitioner paid them $15.70 per hour with no additional benefit supplements. After an investigation by respondent Department of Labor, the Department issued notices of findings showing that petitioner violated the prevailing wage rate laws (*see* Labor Law art 8) by not paying his employees journeyman electrician wages of $25 per hour plus supplemental benefits on either project. Following a hearing, the Hearing Officer confirmed that petitioner should have paid the two men at the journeyman electrician rate with benefits, and found that petitioner underpaid wages and supplements of $7,501.89 on one project and $2,199.39 on the other. The Hearing Officer recommended that such underpayment be found willful, petitioner be required to pay interest at 16% and a civil penalty of 10% be assessed. Respondent Commissioner of Labor adopted these recommendations, prompting petitioner to commence this proceeding.

The Department's classification of petitioner's employees was supported by substantial evidence. Individuals performing labor on public works projects, thus entitled to prevailing wages, cannot be paid an apprentice rate unless they are individually registered under a bona fide apprentice program registered with the Department (*see* Labor Law § 220 [3-e]; *Matter of Tap Elec. Contr. Serv. v Roberts*, 104 AD2d 548, 549 [1984]; *Matter of Dadson Plumbing Corp. v Goldin*, 104 AD2d 346, 347 [1984], *mod* 66 NY2d 713 [1985]). As petitioner acknowledged that his employees were not so registered, the Department was required to determine the appropriate wage rate "for the classification of work [they] actually performed" (Labor Law § 220 [3-e]). Trade classifications under the prevailing wage laws "are a matter given to the expertise of the Department and courts are strongly disinclined to disturb them, absent a clear showing that a classification does not reflect 'the nature of the work actually performed' " (*Matter of General Elec. Co. v New York State Dept. of Labor*, 154 AD2d 117, 120 [1990], *affd* 76 NY2d 946 [1990] [citations omitted], quoting *Matter of Kelly v Beame*, 15 NY2d 103, 109 [1965]; *see Matter of Lantry v State of New York*, 6 NY3d 49, 54 [2005]). The Commissioner may rely on collective bargaining agreements in the locality when making trade classifications, even when the employer and employees in question are not subject to those agreements (*see Matter of Lantry v State of New York, supra* at 56; *Matter of CNP Mech., Inc. v Angello*, 31 AD3d 925, 927 [2006]; *Matter of Otis E. Serv. v Hudacs*, 185 AD2d 483, 485 [1992]; *see also Matter of Naftilos Painting & Sandblasting v Hartnett*, 173 AD2d 964, 966 [1991]; *compare* Labor Law § 220 [5] [a], [c]).

Petitioner testified that his employees had no prior training in electrical work, were not qualified to work as electricians and only helped him perform tasks with specific instructions. However, both his testimony and that of one employee showed that the work the employees performed—including mounting and installing conduit, pulling wire and mounting pole boxes and electrical panels—was the same as work designated for a journeyman electrician under the collective bargaining agreement between the Albany Electrical Contractors Association and the local union of the International Brotherhood of Electrical Workers. Focusing on the "pivotal question" of the nature of the work performed, rather than the skill level of the employees at issue, substantial evidence supports the classification of petitioner's employees as journeymen electricians (*Matter of Kelly v Beame, supra* at 109; *see Matter of Agency Constr. Corp. v Hudacs*, 205 AD2d 980, 983 [1994]; *Matter of Tenalp Constr. Corp. v Roberts*, 141 AD2d 81, 85, 88 [1988]).

Substantial evidence also supports the Commissioner's finding of willfulness. No intent to defraud is necessary to prove a willful violation; all that is required is proof that the employer knew or should have known that it was violating the prevailing wage laws (*see Matter of Sarco Indus. v Angello*, 23 AD3d 715, 716 [2005]; *Matter of Otis E. Serv. v Hudacs, supra* at 485; *Matter of Scharf Plumbing & Heating v Hartnett*, 175 AD2d 421, 421 [1991]). While these projects constituted the first time that petitioner hired others on a public works project, he worked as an electrician for 30 years, previously performed labor on public works projects and knew that wage rates were higher on public works projects. A representative from one municipality faxed petitioner a memo informing him that "[a]s discussed, wage rates apply." One employee testified that petitioner discussed the federal prevailing wage statutes and expressed his opinion that he would not pay prevailing wages because no person deserved such a salary. This evidence amply supported the Commissioner's finding that petitioner knew or should have known that he was violating the law, making his violation willful. Petitioner's cooperation in the investigation, while relevant to the penalty determination, does not negate or preclude a willfulness finding (*see Matter of Nelson's Lamp Lighters v Hudacs*, 204 AD2d 814, 816 [1994]; *Matter of Cam-Ful Indus. [Roberts]*, 128 AD2d 1006, 1007 [1987]).

We reject petitioner's constitutional arguments. Labor Law § 220 does not unduly interfere with petitioner's freedom of contract or deprive him of property without due process (*see Devitt v Schottin*, 248 App Div 298, 302 [1936], *affd* 274 NY 188 [1937]). No one has a right to enter into a contract with the state or a municipality "except on such terms as the Legislature may prescribe" (*id.* at 302; *see Campbell v City of New York*, 244 NY 317, 325 [1927], citing *Atkin v Kansas*, 191 US 207, 222 [1903]). The Legislature requires that each public works contract entered into with a governmental entity include a provision mandating that prevailing wages be paid to everyone employed on that project (*see* Labor Law § 220 [3]). Petitioner could choose to enter into public works contracts with the municipalities and pay prevailing wages or refuse to enter into those contracts. This Court has previously held that the Legislature did not unconstitutionally delegate its power by allowing the Department to rely on collective bargaining agreements in setting prevailing wage rates (*see Matter of General Elec. Co. v New York State Dept. of Labor, supra* at 121; *see also People v Vanguard Meter Serv.*, 160 Misc 2d 685, 700 [1994]).

Petitioner's argument that the Department violated the

National Labor Relations Act is not preserved for our review because he failed to raise it at the administrative level (*see Matter of Bridgestone/Firestone, Inc. v Hartnett*, 175 AD2d 495, 498 [1991]).

Mercure, J.P., Crew III, Carpinello and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.