River Tower Owner, LLC v 140 W. 57th St. Corp. (2019 NY Slip Op 03899)





River Tower Owner, LLC v 140 W. 57th St. Corp.


2019 NY Slip Op 03899


Decided on May 16, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 16, 2019

Gische, J.P., Kahn, Gesmer, Singh, Moulton, JJ.


650790/18 9341 9340 9339 9338

[*1]River Tower Owner, LLC, Plaintiff-Respondent,
v
140 West 57th Street Corp., Defendant-Appellant.


Stempel Bennett Claman & Hochberg, P.C., New York (Richard L. Claman of counsel), for appellant.
Rosenberg & Estis, P.C., New York (Joshua Kopelowitz of counsel), for respondent.



Order and judgment (one paper), Supreme Court, New York County (Gerald Lebovits, J.), entered December 20, 2018, declaring the subject lease void, terminating defendant's rights of possession to the subject apartment, and awarding attorneys' fees to plaintiff, unanimously modified, on the law, to vacate the award of attorneys' fees to plaintiff, and otherwise affirmed, without costs. Appeals from orders, same court and Justice, entered October 5, 2018, which granted plaintiff's motion for summary judgment, and denied defendant's motion for an injunction restoring its access to the apartment, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
In 1991, defendant entered into a lease for a rent-stabilized apartment. The apartment was subject to rent stabilization as a result of the building's receiving benefits under RPTL 421-a. The lease provided for a fixed 40-year term that would expire in 2031. Although paragraphs 1 and 36A of the lease required defendant to name an occupant of the apartment, no occupant was ever named. By sublease entered into the same day, defendant sublet the apartment to two sisters for the same 40-year term.
Plaintiff purchased the building in 2016. In 2017, the apartment was surrendered to defendant by the surviving sister. Plaintiff then commenced this action seeking, inter alia, a declaration that the lease is illegal and void as against public policy. Defendant answered, and, inter alia, asserted counterclaims for constructive eviction based on certain work being performed in the building. It moved for a preliminary injunction to restore its access to the apartment, and plaintiff moved for summary judgment.
The court correctly granted plaintiff's motion and denied defendant's as moot. The lease reflects an impermissible intention to remove the apartment from rent stabilization under Rent Stabilization Code (9 NYCRR) § 2520.13. The requirements of the Rent Stabilization Law and Code are not waivable, no matter how favorable the alternative terms are to the tenant (Drucker v Mauro, 30 AD3d 37, 39 [1st Dept 2006] ["Any lease provision that subverts a protection afforded by the rent stabilization scheme is not merely voidable, but void"], lv dismissed 7 NY3d 844 [2006]).
The lease violated the rent stabilization scheme in several respects. The 40-year term violated 9 NYCRR 2522.5(a)(1) and (b)(1), which allows a tenant to choose between a one- and two-year lease or renewal only. By setting the 40-year fixed term, the lease effectively removed the apartment from rent stabilization for a generation. Most critically, the lease failed to name an occupant, which is required of corporate tenants to insure that the apartment is occupied as a natural person's primary residence (see 2520.11[k]) and to avoid "perpetual . . . leases" (see Manocherian v Lenox Hill Hosp., 84 NY2d 385, 391 [1994], cert denied 514 US 1109 [1995]).
We modify only to deny plaintiff's request for attorneys' fees. On appeal, plaintiff argues that it would be inequitable to allow defendant to avoid attorneys' fees under the lease from which it has benefitted because of its own illegal conduct.
However, as plaintiff concedes, in cases in which a lease has been deemed void, attorneys' fees under the lease have been denied because there is no lease (see e.g. Rivertower Assoc. v Chalfen, 167 AD2d 309 [1st Dept 1990]).
We have considered defendant's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 16, 2019
DEPUTY CLERK