SCOLITE INTERNATIONAL CORPORATION, Respondent, v VINCENT J. SMITH, INC., Appellant. (Action No. 1.)

VINCENT J. SMITH, INC., Appellant, v SKYWAY CONSTRUCTION Co., INC. (Formerly Known as SKYWAY ROOFING COMPANY, INC.), Respondent. (Action No. 2.)

VINCENT J. SMITH, INC., Respondent-Appellant, v SKYWAY CONSTRUCTION Co., INC. (Formerly Known as SKYWAY ROOFING COMPANY, INC.), Respondent, and LOUIS J. CO-LANGIONE et al., Appellants-Respondents. (Action No. 3.)

VINCENT J. SMITH, INC., Respondent, v GENERAL INSURANCE COMPANY OF AMERICA, Defendant and Third-Party Plaintiff-Appellant-Respondent, and SKYWAY ROOFING COMPANY INC., et al., Third-Party Defendants-Respondents-Appellants. (Action No. 4.)

Third Department, June 21, 1979

## APPEARANCES OF COUNSEL

*Levene, Gouldin & Thompson (David Levene* of counsel), for Vincent J. Smith, Inc.

*Kramer, Wales & McAvoy (Nathaniel Levin* of counsel), for General Insurance Company of America.

*Pattison, Sampson, Ginsberg & Griffin, P. C. (Gerald H. Katzman* of counsel), for Scolite International Corporation and others.

## OPINION OF THE COURT

GREENBLOTT, J.

In connection with its construction contract with the County of Oneida to build the Oneida County Office Building in Utica, New York, on May 13, 1968 Vincent J. Smith, Inc. (Smith) entered into two subcontracts with Skyway Roofing Company, Inc. (Skyway Roofing). Louis J. Colangione and Louis R. Colan-

gione guaranteed Skyway Roofing's performance under one subcontract, and the General Insurance Company of America (General) guaranteed performance under the other. Smith had also contracted with the State of New York to construct Phase II of the State Office Building, Government Center, Binghamton, New York, and on June 10, 1970, Smith entered into a subcontract with Skyway All-Weather Crete Company, Inc. (Skyway All-Weather) whereby Skyway All-Weather agreed to do roof insulation work at the Government Center.

The four actions which constitute the instant cross appeals arise out of these contracts and subcontracts. In Action No. 1, Scolite International Corporation (Scolite) seeks to recover the retainage due on the subcontract between Smith and Skyway All-Weather for the Binghamton project. Smith interposed two counterclaims arising out of the 1968 subcontracts for the Utica project. Special Term granted Scolite summary judgment for the retainage due and dismissed the counterclaims as time-barred.

Actions Nos. 2 and 3 were commenced on July 19, 1976 by Smith and seek recovery against Skyway Roofing predicated on the same allegations as the dismissed counterclaims in Action No. 1. Accordingly, Special Term dismissed the complaints against Skyway Roofing as time-barred. However, the court denied a motion to dismiss the complaint in Action No. 3 against Colangione and Colangione as guarantors of Skyway Roofing's performance under one of the subcontracts for the Utica project. In Action No. 4 Smith alleges a cause of action against General as guarantor under the other subcontract for the Utica project, and the court likewise denied a motion to dismiss the complaint therein as barred by the Statute of Limitations.

In our view, Special Term improperly granted summary judgment in Scolite's favor in Action No. 1. Although the complaint alleges that Skyway All-Weather assigned all of its right and interest in the Binghamton project to Scolite, the record reveals that the alleged assignment was from Skyway Construction Company, Inc., not Skyway All-Weather. Moreover, no proof was submitted showing that Skyway All-Weather assigned its alleged claim to Skyway Construction or to Scolite or that Smith ever consented to the alleged assignment as required by the contract between Smith and Skyway All-Weather. Thus, an issue of fact exists as to whether Scolite acquired the claim upon which it sues in Action No. 1.

Further, we find unpersuasive the contention that Smith admitted the alleged assignment because it alleged in its counterclaim that Scolite acquired the businesses and assets of Skyway All-Weather and Skyway Roofing. The rule that facts admitted by the pleadings are binding on the parties throughout the entire litigation is inapplicable to the circumstances of this case. It is well settled that, in view of the unpredictability of litigation, inconsistency in pleadings, either among claims or defenses, is expressly permitted (CPLR 3014; *Cohn v Lionel Corp.,* 21 NY2d 559, 563; 3 Weinstein-Korn-Miller, NY Civ Prac, par 3014.11; Siegel, NY Prac, § 214) and, therefore, Smith cannot be deemed to have admitted the assignment. Furthermore, the alleged admission was made "upon information and belief" which does not constitute a formal or informal judicial admission.

Next, we are of the opinion that a question of fact exists as to whether Smith's counterclaim in Action No. 1 is related to Scolite's cause of action, in view of Smith's contention that Scolite assumed the obligations of Skyway Construction with respect to the leaks at the Oneida County Office Building. Accordingly, Smith's counterclaim would also bar an award of summary judgment to Scolite (see, e.g., *Illinois McGraw Elec. Co. v John J. Walters, Inc.,* 7 NY2d 874).

■ Turning to the Statute of Limitations question, we reject the contention that Smith's cause of action accrued as of December 17, 1969. Although Skyway Roofing stated in a letter dated December 17, 1969 that it would not assume the cost of repairs for the leaks, subsequent communications and transactions between the parties reveal that the letter did not constitute an unequivocal refusal by Skyway Roofing to properly complete its work under the subcontract and that, therefore, a cause of action on behalf of Smith may not have accrued on that date. For example, the exhibits attached to Smith's bill of particulars in Action No. 1 reveal that there were ongoing negotiations between the parties through 1970, 1971 and 1972. Furthermore, Skyway Roofing, in a letter dated January 11, 1971, guaranteed the workmanship and materials of the plaza deck insulation fill for two years and the membrane waterproofing for five years. In our view, then, an issue of fact exists as to when Skyway Roofing refused to correct the leaks.

■ Finally, we point out that Special Term's reliance upon *American Trading Co. v Fish* (42 NY2d 20) in refusing to

dismiss the complaints against the guarantors is misplaced. The motions should have been denied not on the ground that the Statute of Limitations had run as against the guarantors' principal, a contention rejected in *American Trading,* but rather on the ground that a question of fact exists as to when the statute began to run as to the obligor's contractual obligations.

The order should be modified, on the law, by reversing that part which (1) granted summary judgment in favor of Scolite and dismissed Smith's counterclaims in Action No. 1, (2) dismissed the complaint in Action No. 2, (3) dismissed the complaint against Skyway Construction in Action No. 3, and, as so modified, affirmed, without costs.

MAIN, J. (dissenting). We respectfully dissent.

Although we agree with the majority that summary judgment in Scolite's favor was improperly granted in Action No. 1 because of the factual issue present as to whether Scolite acquired the claim upon which it sues, we maintain that Smith's counterclaims in Action No. 1 and the complaints in Actions Nos. 2, 3 and 4 should all have been dismissed.

Considering initially Smith's counterclaims in Action No. 1 and its claims against Skyway Roofing in Actions Nos. 2 and 3, we find that these all arose out of subcontracts on the Utica project, and a letter in the record from Skyway Roofing to Smith dated December 17, 1969, conclusively establishes that, prior to that date, the subcontracts had been completed and the alleged breaches thereof and the damages flowing therefrom, as evidenced by various leaks at the project, were known to all the parties. Additionally, in the letter Skyway Roofing disclaimed all responsibility for the leaks, and under these circumstances any causes of action against Skyway Roofing for the alleged breaches had plainly accrued as of December 17, 1969 (cf. *Sears, Roebuck & Co. v Enco Assoc.,* 43 NY2d 389). Since Actions Nos. 2 and 3 against Skyway Roofing had not been commenced within six years of that date, however, they were properly dismissed as time-barred, and any ongoing negotiations between Smith and Skyway Roofing relative to the problems constituted an attempt to settle the dispute and did not serve to toll the running of the Statute of Limitations. Similarly, the court likewise correctly dismissed the counterclaims in Action No. 1 because they were not asserted within six years of December 17, 1969 and they were clearly unrelated to Scolite's cause of action which

arose out of a different contract on the Binghamton project (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3019:8, p 223).

Lastly, we conclude that Smith's actions against the guarantors of the subcontracts on the Utica project should also have been dismissed as time-barred. Actions on the guarantees were required to have been commenced within six years of their accrual (CPLR 213, subd 2), and since the obligations of the guarantors arose once Skyway Roofing defaulted on its performance, the causes of action accrued against the guarantors no later than December 17, 1969. Such being the case, since Smith waited more than six years thereafter to commence the subject actions, Special Term erred in holding that the actions were not barred by the applicable Statute of Limitations.

In so concluding, we would agree with the majority that Special Term's reliance upon *American Trading Co. v Fish* (42 NY2d 20) in refusing to dismiss the complaints against the guarantors was misplaced. However, contrary to the majority, we find that these complaints should have been dismissed because the Statute of Limitations had run as to the obligors' own contractual obligations.

In sum, the order appealed from should be modified so as to reverse the grant of summary judgment in favor of Scolite in Action No. 1, dismiss the complaint in Action No. 3 against Louis J. Colangione and Louis R. Colangione and dismiss the complaint in Action No. 4. As so modified, the order should be affirmed.

MAHONEY, P. J., and MIKOLL, J., concur with GREENBLOTT, J.; KANE and MAIN, JJ., dissent in a separate opinion by MAIN, J.

Order modified, on the law, by reversing that part which (1) granted summary judgment in favor of Scolite and dismissed Smith's counterclaims in Action No. 1, (2) dismissed the complaint in Action No. 2, (3) dismissed the complaint against Skyway Construction in Action No. 3, and, as so modified, affirmed, without costs.