■ Henry Kassis et al., Appellants, v Royal Insurance Company of America et al., Respondents. [595 NYS2d 690] — Order, Supreme Court, New York County (Peter Tom, J.), entered May 15, 1992, which dismissed for failure to state a cause of action those portions of the third and fifth causes of action in the complaint which sought punitive damages and attorney's fees, unanimously affirmed, with costs.

Plaintiffs' third and fifth causes of action failed to sufficiently allege that defendants' conduct in failing to repair the subject property and to adjust or settle these claims was directed at the general public *(see, Supreme Automotive Mfg. Corp. v Continental Cas. Co.,* 126 AD2d 153, *lv dismissed* 69 NY2d 1038). The demand for attorney's fees cannot stand in the absence of a viable claim for punitive damages *(Jacobson v New York Prop. Ins. Underwriting Assn.,* 120 AD2d 433, 435). Concur—Murphy, P. J., Milonas, Ross and Asch, JJ.

■ In the Matter of Arbitration between Crosstown Operating Corp., Appellant, and 8910 5th Ave. Rest., Inc., et al., Respondents. [595 NYS2d 445] —Order, Supreme Court, New York County (Karla Moskowitz, J.), entered December 3, 1991, which denied petitioner's application to confirm an arbitrator's award, and granted respondents' cross motion to vacate or modify the award to the extent of vacating the award and remanding the matter to the arbitrator for recalculation of damages, unanimously affirmed, with costs.

We agree with the IAS Court that on the facts of the case, the public policy against illegal gambling outweighs the public policy in favor of voluntary arbitration *(see, Matter of Neirs-Folkes, Inc. [Drake Ins. Co.],* 75 AD2d 787, *affd for other reasons* 53 NY2d 1038; *see also, Harris v Economic Opportunity Commn.,* 171 AD2d 223), and that, accordingly, to the extent the award includes breach of contract damages for revenues derived from Joker Poker, an illegal gambling device, it is violative of public policy and should not be judicially enforced *(see, Garrity v Lyle Stuart, Inc.,* 40 NY2d 354). We have considered petitioner's remaining arguments and find them without merit. Concur—Murphy, P. J., Milonas, Ross and Asch, JJ.