OPINION OF THE COURT
Paula J. Omansky, J.
Respondent moves for summary judgment dismissing this *365 nonprimary residence holdover petition and granting her counterclaim for reasonable attorney’s fees. The petitioner does not oppose dismissal of the underlying petition, acknowledging that after commencing the proceeding and taking respondent’s deposition, it offered respondent a renewal lease. The issue on this motion is the respondent’s entitlement to attorney’s fees, not because there is any challenge to her status as a prevailing party (see, Nestor v McDowell, 81 NY2d 410), but on the ground that respondent is unable to prove her claim because the lease has been lost.
Petitioner’s predecessor originally entered into a written lease with respondent for the subject premises in 1977. The last renewal form was signed by the parties to this proceeding on August 17, 1992 for a two-year term to expire on November 30, 1994 and was "based on the same terms and conditions as your expiring lease”. On this motion, neither party can produce a copy of the lease which, they concede, has been lost.
In order to claim attorney’s fees, there must be a valid lease containing an express obligation on the part of the tenant to pay the landlord’s attorney’s fees (see, Rivertower Assocs. v Chalfen, 167 AD2d 309 [1st Dept 1990]). No obligation will be imposed by "implication or construction” (see, Ponte & Sons v Lorberblatt, NYLJ, Nov. 19, 1992, at 25, col 3 [App Term, 1st Dept]). The existence of such a clause in the lease triggers the reciprocity provisions of Real Property Law § 234, and imposes upon the landlord a duty to compensate the successful tenant for attorney’s fees (see, Troy v Oberlander, 146 AD2d 460 [1st Dept 1989]; Cier Indus. Co. v. Hessen, 136 AD2d 145 [1st Dept 1988]).
In 162 W. 54th St. Tenants Assoc. v Ward Equities (NYLJ, Oct. 9, 1992, at 22, col 1 [App Term, 1st Dept]), the Appellate Term reversed an award of attorney’s fees where the issue had not been raised at trial and no lease was offered or admitted into evidence. The landlord had alleged, in response to the petition, that he was entitled to attorney’s fees by reason of the tenant petitioners’ "bad faith and pursuant to the various leases.” The Appellate Term held: "We do not construe this allegation in landlords’ responsive pleading as having the force of a formal judicial admission which would dispense with the necessity for proving tenants’ right to recover attorneys’ fees by competent evidence (Richardson on Evidence, 10th ed., § 216). Manifestly, the best evidence on the issue is tenants’ own leases and the provision(s) for attorneys’ fees, if any, contained therein. No reason appears why this *366 documentary proof — which will be entirely dispositive of the question and which is accessible to both sides — should not be examined and considered by the court before any award is rendered.”
In 162 W. 54th St. (supra) there was only a casual reference in the landlord’s responsive pleading to "various leases,” as the sole justification for an award of attorney’s fees after trial was complete. The Appellate Term was primarily focusing in that case on the failure of proof at trial, where the "best evidence” of any lease containing an attorney’s fee provision, namely the lease itself, was not introduced at trial, even though readily available.
The best evidence rule has no application here because the lease has concededly been lost. Moreover, in this case, unlike 162 W. 54th St. (supra), petitioner made specific allegations of a "written rental agreement” when it instituted this holdover proceeding. Even more specifically, petitioner alleged an express obligation on the part of the tenant to pay attorney’s fees (paragraph 14 of the petition): "In accordance with the terms of the most recent rental agreement between the parties herein, respondent agreed to pay * * * costs and disbursements, including reasonable legal fees which might be incurred by the landlord in any action to enforce the landlord’s rights under said rental agreement.”
Facts admitted by the pleadings constitute one of the most important examples of formal judicial admissions. (Richardson, Evidence § 216 [Prince 10th ed]; see, Coffin v President & Directors of Grand Rapids Hydraulic Co., 136 NY 655 [1892]; Reed v McCord, 160 NY 330, 341 [1899].) Where a proper excuse has been shown for the nonproduction of the original writing, such as its loss, "the admissions of the adversary, whether oral or written, can be received in evidence to prove the former existence as well as the contents of the writing” (Dependable Lists v Malek, 98 AD2d 679, 680 [1st Dept 1983] [citations omitted]).
Petitioner claims that he made the allegations only to preserve its right to recover attorney’s fees in the event that respondent was able to produce a copy of the lease. Petitioner did not say so, however, when he verified the petition, nor did he qualify his allegations by stating them to be made "on information and belief.” Had he done so, the allegations would not be treated as a formal judicial admission. Allegations based on "information and belief’ may not be received in *367 evidence as formal or informal judicial admissions (Scolite Intl. v Vincent J. Smith, Inc., 68 AD2d 417 [3d Dept 1979]).
The allegations of the verified petition in this case, where the lease has been lost, are specific enough to constitute a formal judicial admission that a valid lease exists between the parties, containing an attorney’s fee provision (see, Richardson, Evidence § 216 [Prince 10th ed]; Fisch, New York Evidence § 805 [2d ed]), thus triggering the reciprocity provisions of Real Property Law § 234. Because petitioner is held to have admitted the facts alleged, the respondent is not required to produce the lease in order to prove her entitlement to attorney’s fees.
There being no other issue of fact, respondent’s motion for summary judgment on her counterclaim for attorney’s fees is granted. The case is restored to the Part 18 calendar on August 18, 1993 for a hearing to determine the reasonable value of the attorney’s fees incurred by the tenant.