■ Debra Orlowski, Respondent, v John Koroleski, as Administrator of the Estate of Rose Koroleski, Deceased, Appellant. [651 NYS2d 137] —In an action to recover damages for

slander *per se,* the defendant appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Suffolk County (Zelman, J.H.O.), entered July 19, 1995, as, after a hearing on the issue of damages, is in favor of the plaintiff and against him in the sum of $23,920.87.

Ordered that the judgment is modified, on the law, by deleting the provision thereof which is in favor of the plaintiff and against the defendant in the sum of $23,920.87 and substituting therefor a provision awarding nominal damages in favor of the plaintiff and against the defendant in the sum of one dollar; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

After the plaintiff was awarded summary judgment on the issue of liability, a hearing was held to determine the plaintiff's damages at which the plaintiff's attorney indicated that his client would not testify to prove damages resulting directly from the alleged defamatory statements made in this case. The attorney for the plaintiff was permitted, however, on the issue of attorney's fees, to testify that he spent 110 hours on the matter and that his hourly rate was $200 per hour. The Judicial Hearing Officer directed submission of the judgment which was solely for the recovery of the attorney's fees.

In general, attorney's fees are incidents of litigation and the prevailing party may not collect them from the losing party unless an award is authorized by express agreement between the parties, by statute, or by court rule (*see, Matter of A. G. Ship Maintenance Corp. v Lezak,* 69 NY2d 1, 5).

There was no express and unequivocal agreement by the defendant to pay the plaintiff's attorney's fees. In the absence of any clear indication that the defendant agreed to undertake the obligation to pay the plaintiff's attorney's fees, and since there is no statute, court rule, or other legal basis for an award of attorney's fees in this case, it must be concluded that the plaintiff failed to sustain her burden of proof that such attorney's fees were recoverable.

Since the plaintiff failed to establish actual damages, her award of damages for slander *per se* should be limited to nominal damages of one dollar (*see, Suckenik v Levitt,* 177 AD2d 416; *Zator v Buchel,* 231 App Div 334; Prosser and Keeton, Torts § 116A, at 845 [5th ed]). Mangano, P. J., O'Brien, Pizzuto, Goldstein and Luciano, JJ., concur.