*446 OPINION OF THE COURT
Per Curiam.
Order dated April 27, 1999 reversed, with $10 costs, and tenant’s application for attorneys’ fees is denied. Appeals from orders dated January 4, 1999 and June 1, 1999 dismissed, without costs, as academic.
Tenant’s application for attorneys’ fees should have been denied since she failed to sustain her burden of proving that a lease was executed containing a provision for the recovery of litigation costs (see, Orlowski v Koroleski, 234 AD2d 436). Neither party has produced the original lease, which apparently dates back over three decades. There is no factual basis for Civil Court’s conclusion that this lease contained an attorneys’ fees clause. Such an obligation should not be imposed by “implication or construction” (see, Ponte & Sons v Lorberblatt, NYLJ, Nov. 19, 1992, at 25, col 3 [App Term, 1st Dept]) or, in this case, by mere speculation. In the absence of a lease agreement providing for landlord’s recovery of fees, the reciprocity provisions of Real Property Law § 234 are not triggered (Rivertower Assocs. v Chalfen, 167 AD2d 309). Landlord’s prayer for relief in the holdover notice of petition, seeking, inter alia, “rent and use and occupancy * * * and legal fees,” does not have the force of a judicial admission which would concede the existence of a fees provision. Unlike East Egg Assocs. v Diraffaele (158 Misc 2d 364, affd 160 Misc 2d 667) the petition herein did not allege the existence of a rental agreement in which tenant agreed to pay reasonable attorneys’ fees incurred by the landlord (see, Fifth Ave. Dev. Co. v Kerin, NYLJ, Mar. 6, 2000, at 24, col 5 [App Term, 1st Dept]).
We have considered tenant’s argument that landlord’s right to appeal terminated with the subsequent entry of the final judgment and find it lacking in merit (see, CPLR 5501 [c]; Siegel, 1997 Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C550L10, 2000 Pocket Part, at 2).
Parness, P. J., McCooe and Gangel-Jacob, JJ., concur.