ROSAR REALTY CORPORATION, Respondent-Appellant, v PAUL E. LEAVIN et al., Appellants-Respondents. [776 NYS2d 258]—

Order, Supreme Court, New York County (Marylin G. Diamond, J.), entered September 19, 2003, which granted defendant Leavin's motion for summary judgment to the extent of dismissing the fraud cause of action with respect to conduct occurring before June 26, 1996, and dismissing the causes of action for punitive damages, attorney fees and use and occupancy, denied the motion with respect to the cause of action for unjust enrichment, and denied the motion to amend his answer, unanimously affirmed, without costs. Appeal of defendant Totten unanimously dismissed, without costs, as abandoned.

The motion court correctly determined that defendant Leavin was not estopped from raising the statute of limitations (*see Kaufman v Cohen*, 307 AD2d 113, 122 [2003]), that plaintiff did not admit the complaint was untimely (*see Scolite Intl. Corp. v Vincent J. Smith, Inc.*, 68 AD2d 417, 421 [1979]), and that plaintiff's limited inquiry—one telephone call to the apartment to determine whether the occupant was truly its rent-controlled tenant of record—was insufficient to give it the benefit of a discovery accrual. The damages alleged were particularized (CPLR 3016 [b]) and sufficient to support the fraud cause of action, since the allegations are best understood as seeking recovery of not only "profits" but also "other damages" consist-

ing of the difference between the rent plaintiff actually received and the amount it should have received had it not been defrauded into believing that the tenant of record was actually occupying the apartment and not profiteering from an illegal subtenant (cf. *Lama Holding Co. v Smith Barney*, 88 NY2d 413, 421 [1996]).

The punitive damages and attorney fee causes of action were properly dismissed (*Mayes v UVI Holdings*, 280 AD2d 153, 161 [2001]; *Kassis v Royal Ins. Co. of Am.*, 191 AD2d 384 [1993]), as was the claim for use and occupancy. The cause of action for unjust enrichment was properly held viable since, as the motion court found, there was no express contract, and the proposed laches defense was lacking in merit.

Finally, we dismiss the appeal of pro se defendant Totten, since he has failed to submit a brief or join in his codefendant's arguments at this juncture. We have considered the parties' other contentions for affirmative relief and find them unavailing. Concur—Nardelli, J.P., Saxe, Williams and Friedman, JJ.