■ LARRY SHULMAN, Appellant, v JAMES HUNDERFUND, Respondent, et al., Defendant. [852 NYS2d 178]—

In an action to recover damages for defamation, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (Jones, J.), dated October 6, 2005, which granted the motion of the defendant James Hunderfund pursuant to CPLR 4404 (a) to set aside so much of a jury verdict as was in favor of the plaintiff and against that defendant awarding punitive damages in the sum of $100,000 and for judgment as a matter of law in favor of that defendant, and (2), as limited by his brief, from so much of a judgment of the same court entered November 9, 2005, as, upon so much of the jury verdict as awarded compensatory damages, and upon the order dated October 6, 2005, is in favor of the defendant James Hunderfund and against him dismissing the complaint insofar as asserted against that defendant.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed insofar as appealed from, on the law, the motion of the defendant James Hunderfund is denied, the order dated October 6, 2005 is modified accordingly, the action against the defendant Tom Tornee is severed, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of judgment in favor of the plaintiff and against the defendant James Hunderfund consistent herewith; and it is further,

Ordered that one bill of costs is awarded to the plaintiff payable by the defendant James Hunderfund.

The appeal from the intermediate order must be dismissed

because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The defendants collaborated to produce a political flier which opposed the plaintiff's election to the Board of Education of the Commack Union Free School District. The flier stated, among other things, that the plaintiff "broke the law" by awarding a "lucrative" food service contract to a business associate. The jury found that the flier was defamatory and that the defendant James Hunderfund was liable. The Supreme Court set aside so much of the verdict as was in favor of the plaintiff and against the defendant James Hunderfund and awarded judgment as a matter of law in favor of Hunderfund.

The Supreme Court erred in granting Hunderfund's motion to set aside so much of the verdict as was in favor of the plaintiff and against Hunderfund and for judgment as a matter of law in favor of Hunderfund based on his contention that the statement made in the flier was nonactionable opinion. A valid line of reasoning existed for a rational person to conclude that the average reader of the flier would believe that the statement was fact and that the plaintiff broke the law (*cf. Gross v New York Times Co.*, 82 NY2d 146 [1993]; *Rinaldi v Holt, Rinehart & Winston*, 42 NY2d 369, 382 [1977], *cert denied* 434 US 969 [1977]).

Because a successful plaintiff in an action alleging libel per se is entitled to nominal damages, the plaintiff should have been awarded compensatory damages of one dollar against Hunderfund (*see Abell v Cornwall Indus. Corp.*, 241 NY 327 [1925]; *Orlowski v Koroleski*, 234 AD2d 436 [1996]).

The award of punitive damages was not excessive. There was legally sufficient evidence in the record to support the jury's finding that Hunderfund was motivated by malice (*cf. Prozeralik v Capital Cities Communications*, 82 NY2d 466, 479 [1993]; *Liberman v Gelstein*, 80 NY2d 429 [1992]).

The plaintiff's remaining contentions are without merit. Mastro, J.P., Covello, McCarthy and Dickerson, JJ., concur.

■ Sɪʀɪᴜs Aᴍᴇʀɪᴄᴀ Iɴsᴜʀᴀɴᴄᴇ Cᴏᴍᴘᴀɴʏ et al., Respondents-Appellants, v Vɪɢᴏ Cᴏɴsᴛʀᴜᴄᴛɪᴏɴ Cᴏʀᴘ., Respondent-Appellant, Mᴀʀᴛɪɴ C. Gᴏɴᴢᴀʟᴇᴢ, Appellant-Respondent, et al., Defendants. [852 NYS2d 176]—