[909 NYS2d 862]

ROXBOROUGH APARTMENTS CORP., Respondent, v SHIRA KALISH et al., Appellants.

Supreme Court, Appellate Term, First Department, October 1, 2010

42

*Peluso & Touger LLP*, New York City, for appellants. *Green & Cohen, P.C.*, New York City, for respondent.

**OPINION OF THE COURT**

Per Curiam.

Order, entered October 20, 2009, affirmed, with $10 costs.

Appellants prevailed on the merits of the underlying nuisance summary holdover proceeding brought by landlord, and sought attorneys' fees. A hearing commenced before Civil Court on the issue of attorneys' fees during which tenant Shira Kalish, a rent-controlled tenant who apparently succeeded to the tenancy of her grandfather, produced a copy of a document that she claimed was the initial 1943 lease agreement between her grandfather and landlord's predecessor in interest. According to tenants, the lease contains an attorneys' fees provision that would trigger the reciprocal right to such fees afforded by Real Property Law § 234 and entitle them to an award of reasonable attorneys' fees. Civil Court adjourned the hearing to consider the authenticity and admissibility of the purported lease.

Shortly after the hearing was adjourned (and before any determination was made by the court regarding the authenticity and admissibility of the document), tenants moved for an order determining their entitlement to attorneys' fees, arguing that landlord made judicial admissions regarding the existence of a governing lease agreement containing an attorneys' fees provision and that these admissions conclusively resolved the issue of tenants' entitlement to such fees. Alternatively, tenants requested that the court determine, based on the motion papers, that the document they produced during the hearing was an authentic copy of the initial 1943 lease and was admissible. Civil Court denied the motion and directed that the hearing resume. We affirm.

Statements made in a pleading verified by a person with personal knowledge of the content of the statements are formal judicial admissions, which dispense with the production of evidence and concede, for the purposes of the litigation in which the pleading was prepared, the truth of the statements (*see*

*People v Brown*, 98 NY2d 226, 232 n 2 [2002]; *see also* CPLR 3020 [a]; 3023). However, statements made in a pleading "upon information and belief" do not constitute judicial admissions (*see Empire Purveyors, Inc. v Weinberg*, 66 AD3d 508 [2009]; *Scolite Intl. Corp. v Vincent J. Smith, Inc.*, 68 AD2d 417 [1979]; *see also Rosar Realty Corp. v Leavin*, 7 AD3d 295 [2004]; *cf. Bogoni v Friedlander*, 197 AD2d 281 [1994], *lv denied* 84 NY2d 803 [1994]; *Jack C. Hirsch, Inc. v Town of N. Hempstead*, 177 AD2d 683 [1991]; *but see Ficus Invs., Inc. v Private Capital Mgt., LLC*, 61 AD3d 1 [2009]).

Here, the statements in the underlying holdover petition were verified by landlord's attorney upon information and belief. Therefore, those statements do not constitute formal judicial admissions (*cf. Riverside Syndicate, Inc. v Richter*, 26 Misc 3d 137[A], 2010 NY Slip Op 50183[U] [2010]; *East Egg Assoc. v Diraffaele*, 158 Misc 2d 364 [1993], *affd* 160 Misc 2d 667 [1994]). Moreover, none of the other documents submitted by tenants on their motion contain formal judicial admissions by landlord regarding the existence of a lease containing an attorneys' fees provision. We note in this connection that many of the documents were generated in other judicial proceedings and would constitute, at most, informal judicial admissions, which do not conclusively bind landlord (*see Matter of Union Indem. Ins. Co. of N.Y.*, 89 NY2d 94 [1996]; *Baje Realty Corp. v Cutler*, 32 AD3d 307 [2006]).

Tenants' contentions regarding the authenticity and admissibility of the purported copy of the 1943 lease are best addressed to Civil Court during the hearing (*see Dyckman v Barrett*, 187 AD2d 553 [1992]; *see also Schozer v William Penn Life Ins. Co. of N.Y.*, 84 NY2d 639 [1994]).

McKEON, P.J., SHULMAN and HUNTER, JR., JJ., concur.