Judgment, Supreme Court, Bronx County (Norma Ruiz, J.), entered March 8, 2011, to the extent appealed from, after a nonjury trial, dismissing plaintiff landlord’s complaint against defendant-respondent tenant (defendant) with prejudice, and dismissing defendant’s counterclaims, unanimously reversed, on the law, without costs, the judgment vacated, the complaint and the counterclaims reinstated, except for the counterclaims for sanctions and attorneys’ fees, and the matter remanded for further proceedings consistent herewith.
The IAS court properly denied plaintiff’s motion in limine. On a prior appeal (21 AD3d 793 [2005]), this Court affirmed the denial without prejudice of that branch of plaintiffs motion for summary judgment awarding plaintiff back rent in the amount of $42,544.32. Accordingly, contrary to plaintiff’s contention, this Court’s decision did not mandate the preclusion at trial of evidence that contradicts plaintiffs claim to back rent.
The IAS court correctly found that plaintiff did not qualify for the exception to the best evidence rule that applies to lost or destroyed documents, given plaintiff’s failure to provide any excuse for nonproduction of the lease at issue (Schozer v William Penn Life Ins. Co. of N.Y., 84 NY2d 639, 644 [1994]). However, given that defendant based his counterclaim for attorneys’ fees on the terms of the same written lease, and that *435 he admitted the amount of rent due under the lease on the stand, among other places, the court should have allowed proof of the lease and rent amount through those secondary sources (see East Egg Assoc. v Diraffaele, 158 Misc 2d 364, 366 [1993], affd 160 Misc 2d 667 [1994]).
As plaintiff concedes, its failure to cash the rent checks tendered by defendant acts as a waiver of any claim to prejudgment interest or attorneys’ fees (San-Dar Assoc. v Toro, 213 AD2d 233, 234-235 [1995]). It was undisputed that plaintiff failed to tender renewal leases to defendant, a rent-stabilized tenant. However, that does not constitute a waiver of rent; it simply requires that plaintiff prove the rent through quantum meruit, or some subsequent agreement of the parties (see Sacchetti v Rogers, 12 Misc 3d 131 [A], 2006 NY Slip Op 51114[U] [2006]). Here, given defendant’s numerous admissions of the rent term and the amount tendered, plaintiff met that burden. Because plaintiff established its prima facie entitlement to $42,544.32 in back rent, we remand for a trial on defendant’s counterclaims, setoffs and affirmative defenses, except for the counterclaims for sanctions and attorneys’ fees and the affirmative defense of laches. Defendant is not entitled to sanctions and attorneys’ fees, as plaintiff is the prevailing party and entitled to back rent. Further, this Court previously dismissed defendant’s affirmative defense of laches (see 21 AD3d at 794, 799). Concur — Gonzalez, P.J., Andrias, Saxe, DeGrasse and Roman, JJ.
Motion seeking, inter alia, to dismiss cross appeal denied.