Salvator v 55 Residents Corp. (2021 NY Slip Op 03673)





Salvator v 55 Residents Corp.


2021 NY Slip Op 03673


Decided on June 10, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 10, 2021

Before: Manzanet-Daniels, J.P., Gische, Kern, Oing, JJ. 


Index No. 154509/15 Appeal No. 14046 Case No. 2020-05008 

[*1]Scott Salvator, Plaintiff-Appellant,
v
55 Residents Corp. et al., Defendants-Respondents.


Harwood Reiff LLC, New York (Donald A. Harwood of counsel), for appellant.
Sjoquist, Bates, Baer & Sedereas, New York (Chad E. Sjoquist of counsel), for respondents.



Order, Supreme Court, New York County (Paul A. Goetz, J.), entered on or about June 24, 2020, which, insofar as appealed from as limited by the briefs, denied plaintiff's cross motion to renew his motion for leave to amend the complaint to assert claims for intentional infliction of emotional distress and punitive damages and for discovery sanctions, unanimously affirmed, without costs.
Plaintiff's cross motion was properly denominated a motion to renew based on newly discovered evidence and was thus appealable as of right (see CPLR 2221[e]; 5701[a][2][viii]). It was, however, properly denied. The misconduct alleged, which amounts to a failure to make repairs despite being aware that such repairs were necessary, is not outrageous enough to support a claim for intentional infliction of emotional distress (see McMahon v Cobblestone Lofts Condominium, 161 AD3d 536, 537 [1st Dept 2018]; Estate of Scheuer v City of New York, 10 AD3d 272, 274 [1st Dept 2004], lv denied 6 NY3d 708 [2006]; Baker v 16 Sutton Place Apt. Corp., 2 AD3d 119, 120-121 [1st Dept 2003]; Graupner v Roth, 293 AD2d 408, 408, 410 [1st Dept 2002]) or punitive damages (see Jacobs v 200 E. 36th Owners Corp., 281 AD2d 281, 282 [1st Dept 2001]; Kassis v Royal Ins. Co. of Am., 191 AD2d 384 [1st Dept 1993]; Anderson v Nottingham Vil. Homeowner's Assn., Inc., 37 AD3d 1195, 1196, 1198 [4th Dept 2007]).
The motion court providently exercised its discretion in declining to strike defendants' answer or otherwise sanction defendants for failing to produce an April 2018 report by RAND Engineering & Architecture, DPC concerning one of the conditions complained of. Although the evidence strongly suggests that defendants received a copy of the report via email, there is no conclusive proof of this. Even if they received the report, it is clear that defendants were not trying to hide its existence, as they produced other documents that referred to it. There is no evidence that defendants violated any court orders, as the order dated October 12, 2017 predated creation of the report, the order dated January 8, 2019 did not direct production of any documents, and plaintiff did not move to compel production of the report specifically. There is also no evidence of prejudice, as plaintiff was ultimately able to obtain a copy of the report from RAND and to depose a RAND representative about it. It was plaintiff's choice not to complain about the failure to produce the report until after he filed a note of issue and discovery was complete.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 10, 2021